FARRINGTON and SMITH *against* JOHN PAYNE.

IN ERROR, on *certiorari* to a justice's court.

This was an action of trover, brought by the defendant in error, against the plaintiffs in error, for three bed-quilts. The defendants below justified under an attachment, in favour of the defendant, *Farrington*, against *Peter Payne*, for debt, by virtue of which, the defendant, *Smith*, as constable, seised and carried away the bed-quilts. The articles were proved to be the property of the plaintiff below, but they were attached while in the possession of *Peter Payne*, against whom the attachment issued, having been lent to him. The defendants below, when serving the attachment, were notified that these articles were not the property of *P. Payne*, but they persisted in seizing and removing them. A verdict and judgment were rendered for the plaintiff below, and two objections were now raised on the part of the plaintiffs in error :

1. That the summons and all subsequent proceedings are stated in the return to have been by virtue of the act, entitled, "*An act for the more speedy recovery of debts to the value of twenty-five dollars,*" which was repealed in *April,* 1813 ; and, in the new revised act, the words "*more speedy*" were omitted.

2. That the plaintiff below made no demand of the goods before suit ; and that no conversion was proved.

*Per Curiam.* In giving "judgment according as the very right of the case shall appear, without regarding any imperfection, omission, or defect in the proceedings, in mere matters of form," we are authorised to disregard the mistake in the title of the statute, under which the justice acted.

As to the second objection, it is well settled, that a tortious taking is, in itself, a conversion, and no subsequent demand is necessary.

Judgment affirmed.

*The misrecital by a justice of the peace, in the return to a certiorari, of the title of the act for the recovery of debts to the value of twenty-five dollars, will be disregarded.*

*A tortious taking is, in itself a conversion, and no subsequent demand is necessary, in order to maintain an action of trover.*