WILLIAMS *v.* LINES.

A purchaser of land on execution having failed to pay the purchase-money, the sheriff afterwards sold the land to another person for a less price than it first sold for. *Held*, that, in the statutory proceeding by notice and motion against the first purchaser for the difference in the amount between the first and second sales, the notice must aver an offer by the sheriff to convey the land to the defendant before the second sale.

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—This was a proceeding by *Lines*, sheriff of the county of *Fayette*, against *Williams*, to recover from the latter the sum of 850 dollars and costs, under the provisions of an act to amend the act subjecting real and personal estate to execution. R. S. 1838, p. 286.

Nov. Term,
1843.

WILLIAMS
v.
LINES.

Saturday,
January 20,
1844.

The act referred to, after declaring that any person who shall purchase any real or personal property sold on execution, and shall neglect or refuse to pay the purchase-money, shall be liable, on motion by the sheriff, to a judgment for the amount so bid, &c., provides, " that nothing in said act contained, shall prevent the officer making such sale from re-exposing the same property to sale on the same or a subsequent day ; and if the amount of such second sale shall not be equal to the amount of the first sale and the costs of the second sale, the first purchaser shall be required to pay the deficiency, and be liable to a motion and judgment therefor in manner aforesaid."

The notice in this case recites, that a judgment had been rendered by the *Fayette* Circuit Court in favour of one *Harwood* against *Chapman* and another ; that an execution was issued on said judgment and certain lands levied on ; that they were exposed to sale according to law, and *John Williams*, the defendant, bid therefor the sum of 1,250 dollars ; and that being the highest price bid for them they were knocked off to him ; that *Williams* refused to pay the money ; whereupon an *alias venditioni exponas* was issued directed as before, and the same lands, on being again exposed to sale, were sold to *M. M. Ray* at and for the sum of 400 dollars, &c. ; by reason whereof the said *Lines*, sheriff, &c., would move the Court to enter judgment against said *Williams* for the sum of 850 dollars, that being the amount of the difference between the sum bid by him, &c., and the sum for which the lands were afterwards sold to *Ray*, together with the costs, &c. The defendant pleaded twelve pleas. On the first five issues were formed, which were decided in favour of the plaintiff. To the remaining pleas the plaintiff demurred, and the demurrers were sustained by the Court. Final judgment was thereupon rendered against the plaintiff in error for the sum of 850 dollars damages and costs.

The notice in this case is in the nature of a declaration, and the demurrers to the pleas extend to it. It is therefore necessary to examine it, and see whether the facts stated in it are sufficient to give the plaintiff a right to maintain this suit.

It is contended for the plaintiff in error that the notice is not sufficient, because it does not aver an offer by the sheriff to convey the lands to *Williams* before they were sold to *Ray.* We concur in opinion with the counsel for the plaintiff, that the omission of that averment is a fatal defect in the notice. A purchaser at such a sale is not bound to part with his money until he receive a deed. The payment of the money and the execution of a deed are concurrent acts, and neither can proceed against the other without performance or an offer to perform on his part. The purchaser cannot be said to neglect or refuse to pay the purchase-money, if the sheriff be not prepared and willing to comply on his part, and do not, within a reasonable time, offer to do so.

Other errors are assigned, but it is not necessary to examine them. The defect in the notice is fatal to the plaintiff's right to recover.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*S. W. Parker* and *J. S. Newman*, for the plaintiff.

*C. B. Smith*, for the defendant.