The State on the relation of CHAPMAN *v.* LINES and Others.

A sheriff, when he accepts the office, contracts that he will faithfully discharge every duty required of him by law, and for the omission of any duty enjoined by law, from which damages follow, he will be held responsible.

Nov. Term,
1853.

The State
v.
Lines.

The steps to be taken by a sheriff, on the sale of real estate upon execution, are distinctly pointed out, and for a failure to pursue them, whether from a corrupt intention or neglect, he is liable to the injured party.

It is the duty of the sheriff, on a sale of land upon execution, to make and tender a deed to the purchaser, and the latter is not bound to part with his money until the deed is tendered.

Where the sheriff not having tendered a ·deed to the purchaser, has, for an omission of the latter to pay the purchase-money, sold the land for a smaller sum to another person, the first purchaser is released from his bid, and is not liable to pay the difference between the first and second sales.

The sheriff, under such circumstances, is liable to the execution-defendant for the amount of the difference between the two sales.

Tuesday,
November 29.

ERROR to the *Fayette* Circuit Court.

Davison, J.—Debt against a sheriff and his sureties on his official bond. The bond was conditioned in the usual form for the faithful discharge of his duties as sheriff, &c.

The declaration alleges that one *Harwood*, at the *September* term, 1838, recovered a judgment in the *Fayette* Circuit Court, against one *Williams* and the relator, for 1,114 dollars, &c.; that a writ of execution was issued on this judgment and delivered to *Lines*, the sheriff, who levied it on the real estate of the relator; that this writ was returned "no sale for want of bidders;" that a *venditioni exponas*, founded on said levy, was afterwards issued to said sheriff, upon which the land levied on was sold; that the sheriff, upon said *vendi.*, made return "that he had publicly sold the land to *John Williams* for 1,250 dollars, and that the money remained unpaid, wherefore he returned said writ unsatisfied;" that afterwards an *alias vendi.*, founded upon the same levy, was issued and delivered to the sheriff, who made return thereon "that he had sold said land to *Martin M. Ray* for 400 dollars, and that the balance of the execution was unsatisfied;" that said balance has been fully paid, &c., and the land sold was the relator's property.

There were three breaches assigned.

1. That *Lines*, the sheriff, did not faithfully discharge his duties, &c., in this, that on the sale of the land to *Williams* for 1,250 dollars, he failed, neglected and refused to execute and tender to said *Williams* a proper

deed to the land, and to demand of him the 1,250 dollars; whereby the sale became lost and *Williams* was released from his bid, and the difference of 850 dollars between the sale to *Ray* and the sale to *Williams* became and was entirely lost to the relator.

2. That said sheriff, on the sale of the land to *Williams*, failed and neglected to execute and tender to him a deed to the land and demand the purchase-money, and thereby, on his failure to pay the money and the subsequent sale of the land to *Ray*, the said *Williams* became and was released from paying on said judgment 850 dollars, the amount he bid for the land more than it was sold for to *Ray*.

3. That the sheriff fraudulently released *Williams* from his purchase and his bid of 1,250 dollars, and from said 850 dollars, with 10 per cent. thereon, and cost of the sale to *Ray*—the said 850 dollars being the amount *Williams* bid for the land more than it was sold for to *Ray*.

The defendants obtained oyer, &c., and pleaded eight pleas. In the decision of this cause it will be only requisite to notice the fifth and seventh pleas.

The fifth plea is to the first and second breaches. It alleges that the sheriff did not refuse to make and tender a deed to *Williams* in manner and form as alleged, &c.

The seventh plea is to the third breach—that *Lines*, the sheriff, did not fraudulently release *Williams* from his bid and purchase, &c.

These pleas conclude to the country.

The plaintiff demurred to the fifth plea, and the demurrer was overruled. The cause was submitted. Verdict for the defendants, and judgment on the verdict.

The record shows that the plaintiff moved the Court to instruct the jury, " that if the sheriff, in the sale to *Williams*, failed to make and tender to him a deed of the land, and afterwards sold it to *Ray* for a less sum, whereby *Williams* became released from his bid, the jury should find for the plaintiff the difference between the two bids." This instruction the Court refused, but instructed the jury, *inter alia*, as follows: " If *Lines*, the sheriff, in good faith

returned the execution, with the facts—believing that he had done all that was necessary under the law, and not deeming it necessary to tender a deed until the money was paid or tendered—such facts would not sustain the plaintiff's action; but if he fraudulently, with intent to release *Williams* from his bid, failed to tender him a deed, and sold the land for a less sum, whereby he was released from his bid, the jury should find for the plaintiff the difference between the two sales."

From the evidence, it appears that the relator's land was sold on execution by the sheriff for 1,250 dollars; that he failed to make and tender a deed to *Williams*, the purchaser, and the same land was again exposed and sold to *Ray* for 400 dollars. After this, the sheriff filed his motion in the Circuit Court for the recovery of 850 dollars, the difference between the sales. This motion was unsuccessful, on the ground that he had not made and tendered a deed. See *Williams* v. *Lines*, 7 Blackf. 46.

There is, then, only one question presented by the record: Did the failure of the sheriff to make and tender a deed render him liable in this action?

It is contended "that under our statutes a sheriff cannot be made liable, unless he acts corruptly, for failing to tender a deed to a bidder for property sold on execution;" "that it is trusted to him what steps to take." This position is not well taken. When a sheriff accepts the office, he contracts that he will faithfully discharge its duties. This plainly embraces every duty required of him by law. It follows that when he omits an act of duty enjoined by virtue of his office, he is guilty of a breach of his contract, and will be held responsible should damages result from such breach. 9 Johns. R. 381.—6 Blackf. 444.—*Ford* v. *Godbold*, 2 Strobh. S. C. 109.

Upon the sale of real estate on execution, there is nothing left to the sheriff's discretion. The steps to be taken by him are distinctly pointed out. If he fails to take them, he will be liable to the party injured thereby, whether such failure be the result of a corrupt intention or a mere neglect of duty. The sheriff, upon such sale,

is required to make and tender a deed to his vendee. <span style="float:right">Nov. Term, 1853.</span> This duty is purely ministerial, and he may not omit its performance. The delivery of such deed and the payment of the purchase-money are to be concurrent acts. The vendee is not bound to part with his money until a deed for the premises is tendered.   8 Blackf. 105.—7 *id.* 46.—8 Johns. R. 520.

BABBITT
v.
DOE.

In the case before us, no deed was offered to *Williams*, the first vendee of the land; but the sheriff afterwards sold and conveyed it to *Ray.* Therefore *Williams* was not only released from his bid, but his liability to pay the difference between the first and second sales. By that release, the relator evidently lost 850 dollars. What caused this loss?  To this question there is but one answer, viz., the sheriff's failure to tender a deed and demand the 1,250 dollars.  *Williams* v. *Lines, supra.*

From this view we are of opinion that the second breach is well assigned; that the demurrer to the fifth plea should have been sustained, because it constitutes no answer to the breach; that the instructions moved by the plaintiff should have been given; and. that the charge of the Court was erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test* and *J. A. Fay*, for the state.

*S. W. Parker* and *J. S. Newman*, for the defendants.