ISABELLA DRAPER, Appellant, *v.* IRENE STOUVENEL, Ex., &c., of JOSEPH STOUVENEL, Dec.

*Referee's Report—Question of Fact—Legal Error—Bar.*

Whenever a question of fact is found by a Judge or Referee contrary to what the undisputed evidence requires, a legal error is committed, which may be corrected on appeal to this Court.

When it is clearly in evidence that the cause of action sued upon was barred by a judgment for the same cause rendered in a former suit between the parties, the finding by the Judge that such judgment is not a bar, raises a question of law for the determination of this Court.

THIS action was brought by the Plaintiff against the Defendant's testator, to restrain him from prosecuting the Plaintiff for the recovery of rent claimed by the testator to be due upon two leases of certain real estate in Broadway, in the city of New York, given by the testator and others to one Earle, and by the latter assigned to the Plaintiff; also to reform a chattel mortgage, given by the Plaintiff to Earle, and by him assigned to the testator, and an agreement accompanying the same so as to conform said instruments to the real agreement between the parties; and also to compel the testator to account for, and pay to the Plaintiff, the value of certain personal property alleged by the Plaintiff to have been wrongfully taken by the testator, claiming to act by virtue of said mortgage, and to have been by him converted to his own use.

The issues joined were tried at Special Term before one of the Justices of the Supreme Court, who found most of the issues of fact in favor of the Plaintiff, and ordered judgment in her favor enjoining the Defendant from prosecuting any action against the Plaintiff for the recovery of rent upon the leases, and ordering the same cancelled, and also for the reformation of the chattel mortgage in several particulars, and also judgment against the testator for about five thousand dollars on account of the personal property

of the Plaintiff taken and converted by the testator.   After the entry of judgment the testator appealed therefrom to the General Term of the Supreme Court, by which the judgment was reversed and a new trial ordered, from which order the Plaintiff appealed to this Court.

The facts upon which the legal question arises will be found in the opinion.

*Truman Smith* for Appellant.
*S. B. H. Judah* for Respondent.

GROVER, J.—The facts found by the Judge at Special Term warrant the legal conclusions deduced, and the judgment ordered.   These facts are not open to review in this Court, where there is any evidence sustaining the finding, unless it appears from the order directing a new trial that it was granted upon questions of fact and law.   That does not appear in the order in the present case.

This Court can therefore only examine the case for the purpose of determining whether the Defendant's testator was entitled to a new trial by reason of any legal error committed upon the trial at Special Term to his prejudice.   Among the defences to the action interposed by the answer was, that an action for the same cause had been prosecuted by the Plaintiff against the Defendant in the Superior Court of the city of New York; that the cause had been tried, and the same matters had been submitted to and passed upon by the jury, and a verdict rendered upon which judgment had been entered, which was still pending upon appeal from the judgment.   The Special Term found against the Defendant upon this issue, to which finding the Defendant excepted. There was no conflict in the evidence upon this issue.

That consisted of the summons, complaint, and answer in the case in the Superior Court, the evidence given upon the trial, the verdict, and the judgment rendered thereon.   All this evidence was received without objection, and must be regarded as proper to prove any material fact upon the trial of the present action, so far as it tended to establish such fact.

From this evidence it appeared that the action was brought in the Superior Court for the breaking and entering the close of the Plaintiff (the premises embraced in the leases from the testator and others to Earle), and taking and converting the goods of the Plaintiff (the identical furniture for the taking of which a recovery was sought in the present suit); that the taking was proved in the former suit, and that it was identical with that proved in the present suit; in short, that substantially the same evidence, so far as the furniture and goods were concerned, was given in both actions.

It is now insisted that the evidence of the former action, trial, and judgment was not admissible under the answer in the present action, for the reason that the answer alleged that the whole of the present action was the same as that in the Superior Court, when in fact that action embraced only a portion of the subject-matter of the present; that is, the claim for the furniture. It is a sufficient answer to this objection, if any is required, that no such objection was taken upon the trial. It is further insisted that the defence is not available in the present action, for the reason that this is a suit in equity to recover damages against the Defendant for depriving her wrongfully of her equity of redemption in the property, while that in the Superior Court was to recover damages for the wrongful taking thereof.

This argument would be conclusive if the facts were such that no recovery could be had for the taking of the property by the Defendant in the action in the Superior Court, or for the conversion of the same by him. I can see no absolute objection to such recovery upon the facts found by the Judge at Special Term. From that finding it appears that, by the agreement given by the testator to the Plaintiff ratifying his right under the mortgage, the Plaintiff had the exclusive right to the possession of the property unless more than six hundred dollars rent, to secure which the mortgage was given, was in arrear, or unless some other mortgage upon the property was about to be foreclosed; and it is further found that no more than six hundred dollars rent was in arrear at the time of the taking, and that the proceedings to foreclose the mortgage

given by the Plaintiff to Jarvis, were taken by the procurement of the Defendant, and were in substance his proceedings.

Under this state of facts the Plaintiff was entitled to recover all her damages for the taking and sale of the furniture by the Defendant, in the action in the Superior Court. No reformation of the chattel mortgage was necessary for this purpose.

The mortgage, in connection with the agreement of the Defendant, was sufficient for the purpose. Indeed, upon the facts found by the Judge in the present case, an action at law was the appropriate remedy to redress the injury of the Plaintiff so far as the furniture was concerned. The Plaintiff not only had an equity of redemption in the property, but also the exclusive right of possession at the time it was taken and sold by the Defendant. Had she proved the facts found in the present case upon the trial in the Superior Court, she would have entitled herself to a verdict for all the damages sustained by these acts of the Defendant. Hence it follows that the defence based upon that trial and judgment is not answered by the argument that the Plaintiff could only obtain redress in equity, and that she failed to recover for the furniture in the action in the Superior Court for that reason.

It is further insisted by the Plaintiff's counsel: That it appears, from the Judge's charge to the jury, that the entire claim of the Plaintiff for damages founded upon the taking and conversion of the furniture was withdrawn from the consideration of the jury, and that the damages recovered were wholly for entering upon and depriving the Plaintiff of the possession of the real estate.

An examination of the charge will show that in this the counsel is mistaken. Various questions relating to the Plaintiff's right to recover for the furniture were submitted by the Judge to the jury, and the Judge charged the jury that the Plaintiff was entitled to recover damages for the detention of that portion of the furniture by her afterwards sold to Mathews, from the time of the taking to the time of the sale to Mathews.

The furniture was all taken at one time by the Defendant. The trespass was one entire act. The claim of the Plaintiff could not

be divided, and separate actions maintained therefor. A recovery in an action for any portion of the damages would bar the entire claim (Farrington *v.* Payne, 15 Johns. 432, and cases cited). It is obviously immaterial how much, if anything, was allowed by the jury. The bar arises from the fact that the claim has been submitted to, and passed upon by, the jury. There was therefore no evidence to warrant the finding of the Judge in the present case, that the Plaintiff's claim for damages arising out of the taking and sale of the furniture, was not barred by the judgment in the action in the Superior Court. On the contrary, the undisputed evidence required a finding that it was so barred. The Defendant's exception to this finding presents its correctness as a question of law.

Whenever a question of fact is found by a judge or referee contrary to what the undisputed evidence requires, a legal error is committed that may be corrected upon appeal by this Court. The Supreme Court were right in reversing the judgment and ordering a new trial upon this erroneous finding.

It may well be doubted whether the Plaintiff had not, by bringting the action against the Defendant in the Superior Court, and prosecuting the same to judgment after knowing that the writings as executed were not conformable to the real agreement of the parties, precluded herself from maintaining an action for reforming them. (See Sanger *v.* Wood, 3 Johns. Chan. 416; Rogers *v.* Vosburgh, 4 id. 84.) But it is not necessary to pass upon this point. The order appealed from must be affirmed.

All affirm, except WOODRUFF not voting.

JOEL TIFFANY,
State Reporter.