MYRON W. SHELDON, Appellant, *v.* ELON SHELDON, Respondent.

Resort cannot be had to the opinion of the General Term to determine whether its reversal of a judgment entered upon the report of a referee was upon questions of fact. Unless this appears by the order or judgment of said court, it will be deemed to have been upon questions of law only.

If the referee has found any material fact wholly without evidence or against the undisputed evidence, it is an error of law reviewable upon appeal.

(Argued September 24, 1872; decided January term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the seventh judicial district, reversing a judgment in favor of plaintiff entered upon the report of a referee and granting a new trial.

The action was for an accounting between partners. The facts, so far as necessary to present the points involved, appear in the opinion.

*H. V. Howland* for the appellant. This court will not review and reverse the decision of a referee on a pure question of fact, especially where the proof is in favor of the decision. (39 N. Y., 350; 12 id., 258; 19 id., 227; 14 id., 310; 4 id., 284; 13 id., 587; 18 id., 573.)

*George O. Rathbun* for the respondent. A finding by a referee of any material fact wholly without evidence or against the undisputed evidence, is an error of law reviewable on appeal. (38 N. Y., 219; 39 id., 117; 40 id., 476; 38 id., 326; 30 id., 134, 231.)

EARL, C. The order of the General Term does not state that the reversal was on questions of fact, and, hence, it must be deemed to have been on questions of law. (Code, § 268.) It matters not that the opinion given at General Term shows that the reversal was on questions of fact, so long as this does not appear in the order or judgment of the General Term. The opinion is no part of the record. Hence, upon this appeal, we can review only questions of law, and we can look into the case only for the purpose of seeing whether any error of law was committed. But if the referee has found any material fact wholly without evidence or against the undisputed evidence, then he has committed an error of law which is reviewable upon this appeal. (*Draper* v. *Stouvenel*, 38 N. Y., 219; *Fellows* v. *Northrup*, 39 N. Y., 117; *Mason* v. *Lord*, 40 N. Y., 476.)

The General Term reversed the judgment of the referee because he charged the defendant with the avails of a certain note of $500, which was made by the defendant payable to the order of the plaintiff and indorsed by him and one George Sheldon and discounted at the Auburn City Bank. The defendant claims that there was no evidence tending to show that he had the avails of the note, and the plaintiff claims that there was evidence tending to show that it was his individual note and that he had the avails of it.

The parties were partners in buying and selling cattle. In August, 1864, the plaintiff took some cattle to Albany, a por

tion of which belonged to the parties to this action, and the rest to George Sheldon, and he sold them for $1,194, and took a single draft for the whole amount. Of this sum, it is undisputed that $466 belonged to George, as the proceeds of his cattle. This sum of $466 the plaintiff and George both testify was paid to him by the plaintiff, as follows: $200 before the cattle were shipped, $90 to Remington at his request, and the balance to him in money. The defendant testified that the note in question was made to pay George the $466 and other money due him from the firm, and that George had the note and its proceeds.

The plaintiff testified that on the 15th day of August, after he came from Albany, he met the defendant at the house of George, and that he then indorsed the note for defendant and passed it back to him; that he did not fill it up, nor was it filled up in his presence, and that he never saw the note again until he and defendant tried to settle; that he did not take it to the bank, and did not know of its being taken there; that he never had the money on that note, and did not indorse it for the purpose of raising money to pay George.

George testified that he did not know what was done with the note, and did not think he got the money on it at the bank, and that he had no recollection of the note, nor when nor where it was given, except that he recognized his signature upon the back of it as indorser; that he had no recollection of having or using any of the proceeds of it; and he also testified that the firm did not owe him anything at the time the note was made, except the $466 for the cattle.

The defendant testified that he "*indorsed*" this note (not that he made it) on the 14th day of August, at the house of George Sheldon, to pay George for his cattle; that he left the note on the table and went away, and never saw it again until he paid it at the bank, and when he paid it, he made an entry in his account, "Paid George Sheldon's bank note to pay for his cattle, $500," crediting himself with so much paid for the firm. He also testified that the plaintiff subsequently stated to him that he had had the money on the note.

This is substantially all the material evidence upon this question. The plaintiff having advanced George $200, there was only $266 still due him for the cattle. Why, then, should a note of $500 be given? But if, as claimed by defendant (although denied by both the plaintiff and George), the firm also owed George $100 besides, the amount would then be only $366.

The evidence is by no means conclusive as to what this note was made for. There is much doubt and confusion about it in the evidence. It is enough, however, that the note was made by the defendant, and that he was, therefore, *prima facie* liable to pay it individually, and that the proof is not conclusive and uncontradicted that he was not thus liable.

This is not a case, therefore, where we can say, as matter of law, that the referee erred; and I am not even certain, upon the evidence, that I would not have reached the same conclusion which the referee did.

It follows, from these views, that the order must be reversed, and judgment upon report of referee affirmed, with costs.

All concur.

Order reversed, and judgment accordingly.