## DRAPER *v.* MOSELEY, *et als.*

REPLEVIN. *Demand not necessary. When.* In order to maintain an action of replevin, it is not necessary to show a demand on the part of the plaintiff, of the property in controversy, before bringing his suit.

Cases cited: Elwich *v.* Rust, 1 Hay., 28; 2 Hay., 136–186; 1 McCord, 213; 15 John., 431; 8 Pick., 543; 3 Wend., 406; 7 Halst., 244; 1 Leigh, 86; 1 Chitty Pl., 179; 2 East, 405; 16 Conn., 71; 2 Dev. & Batt., 125; 4 Ind., 354.

Code cited: §3384,

---

FROM JACKSON

---

Appeal from the Circuit Court. SAMUEL M. FITE, Judge.

Cox & Dewitt for Draper.

Denton & Washburn, Hall & Cryer for Mosely, *et al.*

Sneed, J., delivered the opinion of the Court.

The Court charged the jury in this action of replevin, that the plaintiff could not maintain the action without showing a demand of the property in controversy before action brought. The plaintiff claimed a horse in the possession of defendant, which was seized under the writ and delivered to plaintiff. The defendant had bought and paid for the animal in good faith, without notice of any other claim of title. The verdict and judgment were for defendant. We think the Court erred in charging that proof of demand was necessary in such case. We are not aware that it has ever been thus held in this State, under our Statute, regulating the action of replevin. The right of action is given under the Statute in all cases where goods or chattels are wrongfully seized or detained, against the person so seizing or detaining them. Code, §3374. No demand is required by the Statute, and if such demand were even necessary in replevin at common law, the Statute which assumes to regulate the action being silent on the subject, the common law rule is excluded. The service of the writ is in such case sufficient demand. At common law in actions arising *ex delicto*, a demand was often necessary to perfect the plaintiff's right of action. Thus in trover, where the

Draper *v.* Moseley, *et al.*

taking of goods was lawful, but their subsequent detention becomes unlawful, a demand was necessary to give evidence of a conversion. An original unlawful detention is in general conclusive evidence of a conversion. 1 McCord, 213; 15 John., 431; 8 Pick., 543. As is also the existence of a state of things which constitutes an actual conversion. 3 Wend., 406 7 Halst., 244; 1 Leigh., 86. But when the original taking was lawful, and the detention only is illegal, a demand and refusal must be shown. 1 Chitty Pl., 179; 2 East, 405; 16 Conn., 71. In the case of *Elwich* v. *Rust*, 1 Hay., 28., it was held that in *detinue* a demand was necessary; but the point was ruled otherwise in several subsequent cases. 2 Hay., 136, 186; 2 Dev. & Batt., 125; 4 Ind., 354.

It is not necessary, however, to discuss the application of this doctrine to the common law, action of trover and *detinue*.

The action of replevin in this State is a statutory action, and as the Statute requires no demand, the doctrines of the common law whatever they be cannot be applied to it.

Reverse the judgment, and award a new trial.