CHARLES T. INSLEE, SURVIVOR, ETC., RESPONDENT, *v.* ISAAC HAMPTON, APPELLANT.

*Counter-claim — used as a defense in one action — the excess over plaintiff's claim in first action cannot be recovered in a second action.*

When a factor, sued for the value of shipments consigned to him, sets up as a defense that he has made advances to the plaintiff, the consignor, in excess of the proceeds of their sale, and succeeds in such defense, and afterwards brings an action to recover such excess in which the consignor sets up the judgment in favor of the factor in the first action, *held,* that although no judgment for the excess of the counter-claim was asked or allowed in the first action, yet the factor could not, after having set it up and defeated the first action thereby, recover such excess in the second action. He could not use his defense first as a shield and then as a sword.

APPEAL from a judgment in favor of plaintiff, entered on a verdict directed by the court.

*H. R. Selden,* for the appellant.

*H. Sheldon,* for the respondent.

BRADY, J. :

The facts which the case presents are substantially these :

Gardner and Inslee, the original plaintiffs in this suit in 1868 and 1869, were commission merchants in the city of New York, to whom the defendant Hampton, residing in Livingston county, in October, 1868, consigned, in pursuance of a previous agreement, a quantity of wool and a quantity of butter, for sale on commission. The plaintiffs, in pursuance of the agreement, made advances to the defendant on account of the wool and butter, which they subsequently sold, and rendered their accounts of the sale of the butter in April and of the wool in July, 1869, showing a balance of over $300 due them.

The defendant Hampton being dissatisfied with such accounts of sales, both in regard to prices and weights, of which he notified them, and the parties failing to come to an agreement, he commenced an action in this court against Gardner and Inslee, stating in his complaint the shipment of the wool and butter to them, the agreement between the parties, and the breach thereof by the defendants, by sales at under prices, and neglect and refusal to account for and pay over the proceeds, and claiming judgment on account thereof to the amount of $1,700.

The defendants answered, alleging that they made advances upon the property, and that the proceeds of the sales, which were made in good faith and in pursuance of notice to the plaintiff, did not amount to enough to pay the advances and expenses.

The plaintiff and Gardner, his partner, then having commenced this action, claiming a balance of $367.03, due them on account of their advances and expenses over and above the proceeds of the sale of the wool and butter, the defendant answers, setting up the same matters alleged in the complaint in his action, claiming a balance due. He also set up as a separate defense the pendency of his action involving the determination of the same matters. It does not appear which of the two actions was commenced first, but the fair inference is, that the defendant's was first commenced, because he set up as a defense in the case the existence of an action embracing the same subject-matter. The plaintiffs herein replied, taking issue upon the counter-claim. Subsequently the plaintiff Gardner died, and the proceedings were continued by Inslee as the survivor of the firm.

The defendant's action was tried before a referee; the plaintiffs succeeded and a judgment was entered against him in their favor. The judgment was then pleaded by supplemental answer in this action as a bar. The record thereof was offered in evidence on the trial herein. It was objected to " as not being evidence in this cause to determine the action, and as immaterial." It was admitted under exception by the plaintiff. The defendant's counsel then asked the court to direct a verdict for the defendant, which was refused, and he excepted. The court then directed a verdict for the plaintiff and the defendant excepted.

Neither party asked the court to submit any question to the jury. There was no question to submit. The defendant relied upon the record as a bar. The fact of its existence was not disputed. The value of the defendant's appeal depends, therefore, upon the effect of the former action and judgment. The defense to the defendant's action was, that the advances and expenses exceeded the product of property sold. It was employed only, it would seem, to the extent of meeting the plaintiffs' claim, because no judgment for the excess was demanded by the answer and none was awarded by the referee. It was employed, however, and the plaintiff could have secured in the defendant's action affirmative relief which would have rendered the continuance of this action unnecessary. The plaintiffs were not bound, it is true, to set up their counter-claim in that action. We so declared when the matter was first argued.* The defendant herein concedes that they were not obliged to interpose their counter-claim, but he insists that having done so, and having employed it to defeat his demand, and without which he must have succeeded, they could not, nor could the plaintiff, as survivor, recover for the excess in its amount over that demand. Neither he nor they could split up the counter-claim and make it answer the two-fold purpose of a defense and an action. In this he is sustained by the authorities. The plaintiff could not use his defense first as a shield and then as a sword. He must elect and stand by the choice. (*O' Connor* v. *Varley*, 10 Gray, 231; *Hatch* v. *Benton*, 6 Barb., 28; *Farrington* v. *Payne*, 15 Johns., 432; *Draper* v. *Stouvenel*, 38 N. Y., 219; *O' Beirne* v. *Lloyd*, 43 id., 248.) He did elect, and having done so the result of that act is a bar to this action. The refusal to direct a verdict in

*Inslee v. Hampton, 8 Hun, 230. — [Rep.

favor of the defendant on the undisputed record, was erroneous, therefore, and the judgment should be reversed and a new trial ordered, with costs to abide the event.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed.