Worden, J.
The auditor of Grant county sold a piece of land under a school fund mortgage, Jesse Johnson becoming the purchaser, at the sum of $2,000. Johnson having failed 'to pay the purchase-money, a deed was tendered to him, and the money demanded, and this action was brought against him to recover the money. Johnson answered, among other things, as follows :
“6th Paragraph: For further answer said Johnson avers that the plaintiff did not cause said deed, referred to in plaintiff’s complaint, to be entered in the record of the board of commissioners of Gi’ant county, in the State of Indiana, and recorded in said record, before a tender of the ■delivery of said deed was made by said auditor to this defendant. Defendant further says that said deed never has been recorded in the commissioners’ record of said county. Wherefore,” etc.
A demurrer to this paragraph, for want of sufficient facts, was sustained, and exception taken. Such further proceedings were had in the cause, as that final judgment was rendered for the plaintiff. Other persons were made parties, :and other proceedings were had, not necessary to be noticed in this opinion. The same point made in the demurrer arises on the evidence.
*589 We are of opinion that the court erred in sustaining the-demurrer. The deed tendered was not recorded as provided, for by law, and the defendant was not bound to accept it.. The statute on the subject of such deeds provides that, .“Upon full payment being made for such lands, the deeds, thereof shall be executed by the county auditor, and shall be entered in the record of the board of county commissioners before delivery.” 1 R. S. 1876, p. 802, sec. 99. But it is insisted that no tender of a deed at all was necessary-before the right of action to recover the money was perfect.
We, however, do not see why the principle applied to sales-by a sheriff, in this respect, should not apply to sales by auditors. It is settled in respect to sheriff’s sales, that the payment of the purchase-money by the purchaser, and the-execution of a deed by the sheriff, are concurrent acts, and that neither can proceed against the other without an offer to perform on his part. Williams v. Lines, 7 Blackf. 46; The State v. Lines, 4 Ind. 351. In the case last cited the court said : “The delivery of such deed and the payment of the purchase-money are to be concurrent acts. The vendeeis not bound to part with his money until a deed for the-premises is tendered.”
But the appellee insists that the action will lie without the--tender of a deed, inasmuch as the deed is to be executed? only “upon full payment being made,” etc.
The statute, we have seen, provides that, “Upon full payment being made for such lands, the deeds thereof shall be-executed,” etc.; but this, in our opinion, does not authorize a suit for the purchase-money without a tender, not absolute, but conditioned upon payment, of a deed for the prop-' erty, recorded as the statute requires. There maybe an express or an implied waiver of such tender on the part of the-purchaser, but nothing of that kind is shown in the pleadings in this case.
*590 The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.
Petition for a rehearing overruled.