Browne, J.
Counsel for the respective parties agree upon the proposition that the rule is fully established that an entire claim, arising either upon, the contract or from a wrong, cannot be divided and made the subject of several suits, and if several be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the other, and a judgment upon the merits in either will be available as a bar in the other suit.
Among the numerous authorities cited by both is Farrington v. Payne (15 Johns., 431, 432). In this case the constable under an attachment against one Peter Payne, carried away three quilts and a bed. The articles were the property of John Payne, who sued the constable in trover, but in two actions, one for the quilts, the second for the bed. He recovered judgment in the first, and it was held a bar to the second.
The court, in its opinion, says: “The only evidence of conversion was the tortious taking under the attachment. The seizure of the bed and the bedquilts was one single indivisible act, and the plaintiff ought not be permitted to vex the defendants by splitting up his claim for damages for separate suits for each article so seized.
There is no difference in this respect between actions of trover and trespass, and in Bendernagle v. Cocks (19 Wend., 207), it was held that all damages accruing from a single wrong, though at different times, make but one cause of action. Each comes under the familiar rule that if a party . will sue and recover for a portion he shall be barred of the residue.
In Secor v. Sturgis (16 N. Y., 548), the rule there stated is that in cases of torts each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the-items of wrong or damage may be. '
And in Herrman on Estoppels, etc., page 250, section 22, *535 "the rule is there laid down that all acts of the same nature performed at the same time are regarded as one act in law, and cannot be made the subject of several and separate actions where they are continuous. Illustrations of this rule will be found in Sheldon v. Lake (9 Abb. N. S., 306), Draper v. Stouvenel (38 N. Y., 219) Bull v. Colton (22 Barb., 95).
I might multiply the instances in which the rule has been applied which are referred to in the very exhaustive briefs handed in by counsel. I have presented sufficient, however, to determine the application of the rule to the cause at bar.
There can be no doubt that the facts shown bring the case within the rule. The receipts were taken at the same time, "viz.: on August 28, 1886, and under the same claim with the other property.
And when the plaintiff elected to bring her action in the eighth district court and plead therein as for malicious trespass, she could have recovered not only her damages for the entry upon her premises and the taking of the receipts, but also the value of the other property to the extent of the jurisdiction of the court, and the evidence which was admitted in this case to prove her damage for taking the horse and •other property would be admissible in that action for like purpose under the form of pleading there adopted. The fact that the pleading there was for malicious trespass and this action for conversion does not change the rule.
In Draper v. Stouvenel (supra) it was held that where it appeared the plaintiff would be entitled to all the damages proved to have been sustained by the acts of the defendant, a second act for damages not proven is barred by the former judgment. The actual wrong committed is the substance of the action. Under our present form of procedure all technical distinctions in pleading are abolished, and the rule now requires simply a statement of the facts constituting the cause of action, and all that the pleader deems himself entitled to for the cause complained of, must be established in that action or be forever barred.
It is urged by the plaintiff that a claim for damages for a malicious trespass, by which claim he designates the act of the defendant in taking the receipts, is a different cause of action from that for taking the horse and wagon and other property; and the reason given by him is that the defendant, as marshal, could not justify the taking of the receipts to satisfy the judgment against her husband.
This is not the test. It is a matter of no consequence in the determination of the question, how the defendant would justify his wrongful act or acts, the plaintiff is not bound to anticipate the defense, nor aid the person guilty of wrong against her. Her only duty is to establish the wrong done her, leaving the defendant to justify if he could. If he justifies the taking of any portion of property it would go in mitigation of the plaintiff’s claim for damages, whether the jplaintiff’s cause of action was founded upon malicious tres *536 pass as in that case, or in trover as in this. Under the stipulation the verdict for the plaintiff will be' set aside and judgment directed for the defendant, with costs.
This decision is founded upon the fact that the judgment recovered in the eighth district court is a bar to a recovery in this action. It is not intended by me to disturb the verdict upon any other ground, and if the question of prior judgment was eliminated from the case, I would, not interfere with the verdict._