Walsh v. Kattenburgh.

---

WILLIAM WALSH, Respondent, *vs.* HENRY KATTENBURGH, Appellant.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

In pleading the promise of one person to answer for the debt, default or miscarriage of another t is not necessary to state that it was made in writing. It will be presumed to have been so made until the contrary appears by the answer or proof.

A Plaintiff may plead as many promises as he may have from the Defendant to pay the debt upon which the action is brought, if each is separate, distinct and valid in itself. If, however, valid promises and void promises are pleaded in the same complaint to sustain the same cause of action the complaint is not demurrable, but the Plaintiff may be compelled to elect upon which he will proceed, and abandon the rest.

The township plats of surveys of the government lands on file in the United States land offices cannot be proved by copies certified by the Register and Receiver, but must be proved as such records are under the common law rules of evidence.

Points and Authorities for Appellant.

I.—The Plaintiff could not recover upon both promises; yet the complaint was not demurrable, nor subject to a motion to strike out as redundant; hence the only proper course was adopted by the Defendant in seeking to compel the Plaintiff to elect (9 *How. pp.* 128-9), and the Court erred in not compelling such election. The course adopted by the Defendant was proper, and he had a right to the election. The confusion that ensued on trial, by reason of this double issue, enabled the Plaintiff to thrust in objectionable evidence, because the Defendant could not often tell to what point it was given, and thus prevented the fair trial to which the Defendant was entitled. It is a rule of evidence that a party shall not prove, and shall not be permitted to give evidence of terms and conditions of a contract prior to or contemporaneous with a writ-

ten contract between the same parties, upon the same subject matter. The written contract is conclusive evidence or proof of what the contract was, and that there were in fact no other terms or conditions between those parties upon that subject matter. *Greenl. on Ev.*, vol. 1, secs. 275, 276 ; 1 *Minn.*, 261. Yet the Court, in this case, received against objection and exception, parol evidence of the first said promise, after it appeared there was a written contract which contained no such promise; and the fact that the Judge found, as a fact, that Defendant did promise Casey to pay Plaintiff, and found as a conclusion of law that he did not, shows conclusively that the principle was misunderstood and misapplied, and that the Judge allowed the whole weight of the parol testimony to prejudice his mind against the Defendant.

II.—The case shows that the Defendant did not, in point of fact, make any promise to pay the Plaintiff prior to nor at the time of the execution of the bill of sale. There is properly no evidence to sustain the finding of the Judge of such a promise, or, rather, the case shows the evidence, rightly viewed, was conclusive the other way. 1 *Minn.*, 261. Therefore, if any such promise was made, it must have been afterward. But there is no evidence of such a promise afterward; the conversation of the parties at the rafts was a mere treaty or negotiation, consisting of various proposals, which were discussed by the parties, but none of which were accepted. There was no mutual assent to any certain definite terms or contract. *Parsons on Contracts*, pp. 399, 400 ; *Hilliard on Vendors*, ch. 2, p. 14.

III.—The Defendant proposed to show, under the last defence, that a portion, if not all the logs were cut upon government lands, which were mingled with others so as to become indistinguishable, and that they thereby all belonged to the government. That thereupon the marshal took them all from the men, and that in fact the Defendant purchased and paid the marshal for the logs, and that, in short, Casey and his men were all trespassers, and had no right, title or interest in or to any of the logs, and consequently that any contract with them by Defendant was made under mistake, and void for want of consideration.

The evidence was improperly ruled out, though that offered was proper.

Points and Authorities for Respondent.

I.—The sale of the logs to the Defendant by Casey, upon Defendant's promise to pay the Plaintiff's claim against said Casey, was a sufficient consideration to support the promise, and a right of action against the Defendant to recover the amount of his claim against Casey accrued to the Plaintiff thereupon. 2 *Watts*, 104; 3 *Johns. Ch. R.*, 254 ; 4 *Cow.*, 432; 9 *ib.*, 639 ; 17 *Mass.*, 400 ; 3 *Pick.*, 91 ; 7 *Cow.*, 347 ; 5.*Wend.*, 235 ; 1 *John.*, 140 ; 2 *Denio*, 45.

II.—The delivery of the possession of the logs by the Plaintiff to Defendant, upon his promise to pay his claim against Casey, was sufficient to support the promise, and the Plaintiff can recover thereupon. 5 *Wend.*, 23; 4 *Cow.*, 432, *and cases therein cited; 9 Cow.*, 639 ; 10 *Johns.*, 411 ; 8 *ib.*, 39 ; 5 *Wend.*, 235 ; 18 *Johns.*, 12 ; 15 *ib.*, 424.

III.—The two causes of action were properly united in the complaint, (*Comp. Stat.*, 543, *sec.* 87, *Sub. Div.* 1 *and* 2 ;) but if they were not properly united, the Defendant's remedy was by demurrer, and not having demurred to the complaint on that ground, he has waived the objection. *Comp. Stat.*, 540, *secs.* 65, 68 *and* 69.

IV.—The promise made by Defendant to Casey, and also to the Plaintiff, was to pay the Plaintiff's claim against Casey, and may be deemed but one cause of action, supported by two promises, and the Court did not err in denying Defendant's motion, that Plaintiff be required to elect upon which promise he would rely.

V.—The complaint alleges that the logs were in the possession of the Plaintiff to secure his claim against Casey, and he was entitled to show how that possession was obtained.

VI.—The Court having ruled that the written bill of sale was the best evidence of its contents, it was properly admitted in evidence for the purpose for which it was offered ; and the Court did not err in receiving proof of the parol agreement, to pay Plaintiff's claim, it being a substantial collat-

eral agreement. *Folios* 14, 15, *and* 16 *of case;* 1 *Greenl. Ev.*, *sec.* 90 ; *Chitty on Contracts,* 108, 109.

VII.—The Court found from the evidence, that the Defendant did not undertake or promise Casey to pay the Plaintiff's claim, and thereupon found in favor of the Defendant upon this point, and the Defendant is not hurt by the admission of the evidence upon this point ; and where there is evidence to maintain the judgment of the Court aside from that which is claimed to have been erroneously received, the Appellate Court will not set aside such judgment. 5 *Minn.*, 337 ; 171, *ib.*

VIII.—The Defendant, in his answer, admitted the sale of the logs by Casey to him, as in the complaint alleged, and the Court properly rejected the Defendant's evidence offered at the trial, as shown in *folios* 32 *and* 33 *of case.*

IX.—There was no proof showing to the Court that any of the logs were cut upon government land, and the Court properly excluded the evidence offered under the question put to witness, as shown by *folios* 38 *and* 39 *of case.*

X.—The Court properly excluded the paper marked Exhibit B, the same not having been proved or in any manner authenticated, and for the further reason that the Defendant's counsel, when offering the same in evidence, stated to the Court that he did not propose to follow the proof offered with proof of seizure of the logs, or of any other evidence ; and in nothing was there error in excluding the evidence offered by Defendant to support the third defence in the answer contained.

BRISBIN & WARNER, Counsel for Appellant.

L. R. CORNMAN, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The complaint alleges and the proof establishes, that the Plaintiff, with others, had performed work and labor on certain logs for one Thomas Casey, and had possession of them as security for their pay. Facts sufficient are alleged to show that they had a valid lien on the logs under the statute, actual possession being the principal

element of such a lien. Casey sold the logs to the Defendant, and gave a written bill of sale, transferring the title. It is alleged in the complaint, that the Defendant, " in consideration of said sale and in part payment of the purchase price of said logs, among other things, undertook and promised said Casey to pay and discharge in full to the several persons holding the same, all and singular the claims and demands against said Casey, for the work and labor upon said logs, and especially the claim and demand of the Plaintiff." It is also alleged in the complaint, that the Defendant, in consideration of the Plaintiff's delivering the possession of the logs to him, promised and agreed to pay the Plaintiff the full amount of his claim against Casey, as soon as the logs should be sold and disposed of, and that he afterwards did pay a portion of Plaintiff's claim.

When the case came to trial the Defendant insisted that the Plaintiff should be compelled to elect upon which of the promises he would rely, and abandon the other. The Court refused so to rule, and allowed proof to be given of both promises.

Upon the complaint both of the promises were well pleaded. In pleading the promise of a party " to answer for the debt, default, or miscarriage of another person," it is not necessary to allege that it was made in writing. It will be presumed to have been reduced to writing, unless the contrary appears. *Cozine vs. Graham & Bleeker*, 2 *Paige*, 177 ; *Wentworth vs. Wentworth*, 2 *Minn.*, 277. The promise which the Defendant made directly to the Plaintiff to pay his debt, upon consideration of his relinquishing his lien, was an original undertaking, and not within the statute at all. We see no objection to a party Plaintiff claiming to recover upon as many promises as he may have, if they are separate, distinct, and valid undertakings, and upon the face of the complaint they so appeared to be. Had the promise to Casey to pay the debt of the Plaintiff been alleged in the complaint to have been by parol, it would have been manifest that no recovery could have been had upon it, and the proper remedy of the Defendant was to insist upon the Plaintiff being compelled to elect between the two. A demurrer would not have reached the defect, because the other promise was sufficient to sustain a recovery. The

refusal of the Court to compel the Plaintiff to elect, was, in our opinion, correct.

On the trial, proof was admitted on both the promises, and it appeared that the one to Casey was verbal. The Court, in finding the facts of the case, found that the Defendant did make the promise to Casey, and in the conclusions of law he finds that the Defendant did not so promise, and allows the Plaintiff to recover upon the other. There can be very little doubt that the meaning of the Court in finding as a conclusion of law that the Defendant did not promise to Casey, is, that the promise, although made in fact, is void in law, as falling within the *second subdivision of section 2, chapter 50, of the Compiled Statutes, page 458*, it being to pay the debt of another, and not in writing.

It is apparent that there was no confusion in the mind of the Court, as claimed by the counsel for the Defendant; on the contrary, the Court seems to have carefully separated the proof addressed to the two promises, and found one for the Defendant and the other for the Plaintiff.

The only remaining question is, upon the rejection of the township plats from the United States land office, which were offered to show that the land upon which the logs were cut was the property of the United States. After a careful examination of the statutes, we are unable to find any provision that would justify the admission of such documents upon the simple certificate of the Register and Receiver of the land office. Special provision is made for the admission in evidence of the Receiver's receipt or certificate of purchase of public lands, when so authenticated, (*Comp. Stats.*, 686, *sec.* 88,) and also for the recording of such receipts by the several registers of deeds in the State, (*Laws of* 1862, *p.* 143, *ch.* 71,) but the other records of the land offices are left as at common law. See 1 *Starkie's Evidence*, 188 *to* 192. The counsel for the defence have failed to cite any statute, federal or state, or other authority, to sustain the admission of this evidence. There was no proof, therefore, that the logs were cut on the lands of the United States, which was necessary to justify any interference with them by the United States Marshal.

The order must be affirmed.