# JOHN A. ARMSTRONG

## *v.*

# HENRY M. VROMAN.

A sheriff may maintain an action in his official capacity, to recover from the bidder the amount for which property is struck off at an execution sale.

No note or memorandum of the contract of sale of real estate upon execution is required, except the certificate prescribed by statute.

This action was brought in the District Court for Hennepin county, to recover of the defendant the amount bid by him upon a sale of land on execution. The complaint alleges, substantially, that the plaintiff is, and for more than a year last past has been, sheriff of said county; that as such sheriff, on the 26th day of May, 1865, under and by virtue of an execution, duly issued to him out of said court, and in pursuance of due and legal notice, he sold certain real estate, described in the complaint, to the defendant, who was the highest bidder therefor, for the sum mentioned in the com-

Armstrong v. Vroman.

plaint; that the defendant did not pay the amount of his bid on the day of the sale; and on the 31st day of May, 1865, the plaintiff, in accordance with law, executed a certifiicate of sale of said real estate and tendered the same to the defendant, and demanded payment of the sum bidden, which was refused, and the defendant has not paid the same or any part thereof; that plaintiff "is the just and legal holder of said claim for said purchase money, and defendant is indebted to him therefor.    Demand for judgment, &c.

The defendant demurred on the following grounds: 1st.  It clearly appears from the face of said complaint, that the plaintiff has no legal right to sue, because this action is brought by plaintiff as an individual, in his own name as a private person, and not in his official character as sheriff; and it appears that at the time of the alleged sale, he was, and ever since has been, and still is, sheriff of Hennepin county, and as such made the alleged sale, and never had, and does not now have, any interest, estate or claim in or to the lands alleged to have been sold to defendant, nor in or to any part or portion of the purchase money arising from such alleged sale, either as sheriff or as an individual; and the sheriff is forbidden, by express statute, from buying or becoming interested in as purchaser, individually, any property sold at execution sales of which he is the auctioneer, and is not authorized by law, in cases like that set forth in the complaint, to sue either as an individual or in his official capacity as sheriff.

2d.    Because the said complaint does not state facts sufficient to constitute a cause of action; because it affirmatively appears that what is set forth therein and alleged as a sale, was only a contract of sale of an interest in lands, within the Statute of Frauds, and that the contract was entirely by parol, and no memorandum therof in writing, signed by either party, was executed at the time of such alleged contract or sale.

The demurrer was overruled by the court below, and the defendant appeals to this court.

L. M. Stewart, for Appellant.

Wilson & McNair, for Respondent.

*By the Court*—Berry, J.—Taken as a whole, the complaint shows sufficiently that this action is brought by the respondent in his capacity as sheriff of Hennepin county, and this was entirely proper. It was the sheriff's duty to make the money upon the execution, and in so doing he acted, as was held by the judge below, *as an officer of the law.* Until the money realized from the sale of the land came into the hands of the sheriff, the judgment creditor had no legal interest in it. It was the sheriff's business and duty to get it into his hands, to *collect* it, and then to pay over to the plaintiff in the execution. For this purpose, it was his right to enforce the collection, by suit if necessary, both for the sake of securing his own fees, and that he might have funds wherewith to respond to the judgment creditor. As is said in *Gaskell v. Morris*, 7 Watts & Serg., 39, "That the sheriff may maintain an action to recover the whole amount of the purchase money in his own name, when he seeks to perfect and carry the sale into effect, is not denied, but admitted; and why? Because the contract for the sale of the estate is made with him by the purchaser, and with him alone, and therefore it is that he or his representatives can alone maintain an action for the breach of such contract.   *   *   *   The sheriff may very properly be considered as invested with a trust by law to sell the estate, which he has full power and is bound to perform for the benefit, not only of the creditors of the owner, but likewise for the owner himself, and in order to execute this trust for the benefit of all concerned, it is not only proper, but necessary, that he should have a like right to maintain such an action as if he were the legal owner of the estate." *Adams v. Adams*, 4 Watts, 561; 5 Ib., 515; 9 Serg. & Rawle, 164; 11 Ib., 134; 2 Penn., 18; 5 Cowen, 390; 9 Johns., 98; *Chappell v. Dawn*,

21 Barb. (S. C.) 24; 3 Ohio, 449; Crocker on Sheriffs, 182, 201, Sec. 473; 2 Cow. Trea., 549, citing 1 H. Blackstone, 81. It may be remarked, that it would not perhaps be unreasonable to regard the sheriff as a "trustee of an express trust," under the definition found in Sec. 29, page 535, Pub. Stat. It is insisted by the appellant, that the execution sale was void, because it does not appear that a note or memorandum in writing, was made at the time of the sale, and subscribed as required by the Statute of Frauds. If such memorandum be necessary, it was not necessary to allege the making of it. 8 Minn., 131; *Lockwood v. Bigelow*, page 113, *ante*. But the majority of the court are of opinion, that the proper evidence of a sale of real estate upon execution, is prescribed by the statute on that subject, and that no note or memorandum other than the certificate of sale is required. The proper certificate of sale having been tendered in this case, and the amount of the bid demanded, the action is well brought. The order overruling the demurrer is affirmed.