HENRY A. BOSTWICK AND ANOTHER *vs.* ROBERT H. ISBELL.

The act of 1867 provides that any judge of the Superior Court, upon the application of either partner, after the dissolution of a co-partnership, may forthwith appoint a receiver to take possession of, hold and dispose of all the estate of the co-partnership, in case such judge shall deem the same just and reasonable. Held, 1. That the law was to be construed as impliedly requiring reasonable notice to be given to the adverse party before the appointment of the receiver. 2. That it was necessary, before making such an appointment, that the judge should make an express finding that it was just and reasonable that a receiver should be appointed.

The powers given by the act to the receiver are so great that if the act is to be construed as intending to authorize the appointment without notice, it should be held to be void as contrary to the principles of natural justice.

APPLICATION for the appointment of a receiver of the effects of a co-partnership, made under the act of 1867, to Judge *Sanford*, of the Superior Court. The respondent demurred, the demurrer was overruled, a receiver appointed, and the case brought before this court by the respondent by a motion in error. The case is fully stated in the opinion.

*Andrews* and *McMahon*, for plaintiff in error.

*H. S. Sanford* and *Knapp*, for defendants in error.

FOSTER, J. The proceedings in this case are based on "an act in addition to an act, entitled an act for the regulation of proceedings in equity." Chapter 79 of the Acts of 1867. The application to the judge is dated the 6th of October,

1873, and on the same day an order is entered appointing a receiver. A supplemental application was filed, dated the first of January, 1874, and on the 3d of January, 1874, the entry appears, "Respondent demurs, demurrer overruled. Motion in error allowed." The motion in error is set forth at length, and the errors assigned are :—

"1. That judgment should have been rendered for the defendant, instead of the plaintiffs.

"2. That the plaintiffs' petition is wholly insufficient in the law, inasmuch as the facts alleged therein, if true, do not in law constitute a sufficient cause for the appointment of a receiver in said cause.

"3. That the statute upon which said petition is founded is unconstitutional and void, is insensible and against natural justice, and is no justification or warrant for such appointment, or any other action by said judge under said petition."

We trust that we shall never so far forget the proper judicial function as to enter into any discussion as to the wisdom or policy of a law enacted by the General Assembly. Our free institutions of government are based upon a careful and wise distribution of powers, and the safety and liberty of the people greatly depend upon restricting each department to its appropriate sphere of action. Making the laws is given to the legislative power; administering the laws to the judicial.

That the first and second sections of the act now before us confer very extraordinary powers upon the judges of the Superior Court, must be admitted. Upon the dissolution of any co-partnership, if the parties cannot agree upon the distribution of the partnership effects, and a settlement of the partnership affairs, either of the co-partners may apply to any judge of the Superior Court for the appointment of a receiver, to receive, hold and dispose of all the estate of such co-partnership, real and personal, and apply the same in such manner and form as the court may direct. The judge so applied to has power to appoint a receiver forthwith, in case he shall deem the same just and reasonable, and may make all necessary orders to carry into effect the provisions of the law.

Powers so extraordinary as these should certainly, as we think, be exercised with more caution than is manifest in the case before us. A receiver was appointed forthwith upon the application. No notice whatever of the proceeding was given to the adverse party·in interest prior to the appointment, and there is no finding by the judge that he deemed the same just and reasonable. It is true that the statute does not, in terms, require notice to be given, but when we look at the powers granted to the receiver, " to receive, hold, and dispose of, all the estate of such co-partnership, real and personal," we cannot suppose that the legislature intended that such powers should be exercised without notice, without the knowledge, even, of those most interested. Surely the legislature have not intended that the members of a co-partnership, possessed of a large and valuable estate, real and personal, should find themselves suddenly divested of their title, and the whole sold out of their hands and possession, on the mere application of one who had, perhaps, only an infinitessimal interest in the property, and possibly no interest at all; a partner, simply on the strength of having an interest in the profits of the business.

Can such things be without setting at naught that principle of our constitution, as old as Magna Charta, declaring that " no man shall be deprived of life, liberty, or property, but by due course of law ?" What is more repulsive to the plainest principles of common right and natural justice ?

We must hold this law to be a nullity if it authorizes such proceedings. We prefer, certainly, rather to give it such a construction as to require notice to parties interested, that every man may have his day in court before being stripped of his property by a summary order.

Again, we think that before the appointment of a receiver in this case, which was done forthwith on the application, there should have been a finding by the judge that he deemed the same just and reasonable. This indeed is required by the terms of the act. The only question here is, whether the act of making the appointment is equivalent to a finding that he deemed the appointment just and reasonable. Regarding

this act in the light we do, we feel constrained to construe it most strictly in favor of those whose rights are to be affected by it. To uphold the action of the judge we think that there should have been a preliminary finding, a finding based on a hearing, that the judge deemed said appointment just and reasonable. So far as appears, the proceeding was wholly *ex-parte*; but one party was before the judge down to the 3d of January, 1874, when the supplemental petition was filed, there being no distinct averment in the original application that the co-partnership had been dissolved.

Upon these grounds therefore, that there was no notice to the adverse party, and no direct finding by the judge that the appointment of a receiver was just and reasonable, we are of opinion that in the judgment complained of there is manifest error.

In this opinion the other judges concurred.