## SAMUEL D. GALPIN v. JOHN LAMB.

1. A judgment creditor can not maintain an action against the purchaser of real estate at sheriff's sale, to recover damages for the breach of the contract of sale.

2. Where it is sought to charge such purchaser with the loss resulting from a resale caused by his refusal to pay the price at which the property was struck off to him at the first sale, the action, if maintainable, should be brought by the sheriff.

3. Where the court refused to confirm a sale for the reason that the purchase money had not been paid; and without condition or qualification ordered the sheriff to proceed to sell the premises as theretofore ordered, *Held*, that no notice having been given to the purchaser at the first sale, that the resale was to be at his risk, he was authorized to regard the sale to him as abandoned.

ERROR to the Court of Common Pleas of Trumbull county. Reserved in the district court.

The action originally was brought in the Court of Common Pleas of Trumbull county, by John Lamb, the defendant in error, against Samuel D. Galpin, the plaintiff in error.   The petition shows the following facts:

That the plaintiff, Lamb, commenced an action, January 11, 1869, in the Court of Common Pleas of Trumbull county, to foreclose a mortgage on certain real estate in said county, against Asa E. Andrews, the mortgagor, making R. W. Ratcliff and the plaintiff in error, Galpin, defendants.   That subsequently a decree was rendered by said court, finding the liens against said property to be, 1st, in favor of said Ratcliff, $1,908.50; 2d, in favor of said Galpin, $5,854.11; 3d, in favor of said Lamb, $8,738.60, rendering judgment accordingly, and ordering that, in default of payment of said sums and costs by said Andrews, an order of sale issue to the sheriff to sell the property.   The said sums being wholly unpaid within the time fixed by the judgment, an order of sale was duly and regularly issued to the sheriff, who, proceeding in all respects according to law, exposed the property to sale on the 1st day of January, 1870, when said Galpin bid and offered for the purchase of said property the sum of $11,505, which being more than two-thirds the appraised value of the same, and he being the highest and best bidder, the sheriff struck off and sold said premises to him, and made due return of the same on said order of sale to the court; that the defendant failed and refused to pay any part of the said sum of $11,505 so bid and offered by him, and so continuing and refusing to pay, said court at the February term thereof, in the year 1870, made in said cause the following order, to wit:   "The sheriff having returned into court the order of court heretofore issued herein with his proceedings thereon, and showing a sale to Samuel D. Galpin, in all respects according to law, and it appearing to the court that said purchaser has failed to comply with the terms of said sale by paying the amount of the purchase money so bid by him for said land, said sale is for that reason not confirmed, and it is ordered that the sheriff

proceed to sell said premises as heretofore ordered and according to law."

That under said last order of sale the sheriff sold said premises to the plaintiff for the sum of $10,500, which was all that could be obtained therefor, and which was all that said premises were then worth, and which sale being duly and regularly made and returned by said sheriff to said court, was, at the next term thereof, to wit, at the June term, 1870, duly and regularly approved and confirmed by said court, and said purchase money being paid by the purchaser, said sheriff, by order of said court, executed and delivered to the purchaser a good and sufficient deed, conveying to him the title to the premises.

By reason of the facts aforesaid, and of the additional interest upon the sum so due said Ratcliff and Galpin, and of the increased costs in the action, all of which were required to be paid from the purchase money before any of it could be paid upon plaintiff's claim, and which amounted in all to the sum of $8,187.17, which amount was duly paid upon the amount found due and costs, from said purchase money, there was left only the sum of $2,313.17 applicable to the payment of plaintiff's claim, which sum was paid thereon, and which was over $1,200 less than would have been paid on his claim but for the refusal of said Galpin to pay said purchase money. And no other or further sum has been paid on plaintiff's said claim, and he can not collect any part thereof of said Andrews, as he was and is entirely insolvent, and has been adjudged a bankrupt by the proper court, and obtained a discharge from all his debts under and by virtue of the bankrupt law of the United States.

To this petition Galpin demurred. The demurrer was overruled.

He then answered, and the case was tried to a jury, resulting in a verdict for the plaintiff of $1,005. A motion by defendants for a new trial was heard and overruled.

The case was taken on error to the district court, and by that court reserved for decision here.

The error assigned is that the common pleas erred in overruling the demurrer to the petition.

*H. H. Moses* and *W. T. Spear*, for plaintiff in error, claimed that to enable the vendor to maintain an action against the vendee for refusing to receive and pay for property purchased, the following conditions are indispensable:

1. The sale must have been completed.

2. The vendor must not have rescinded the sale, but must have treated the sale and contract as yet in full force and effect; and must resell the property, not as his own, but as the property of the purchaser, and in so reselling he must act as the agent of the purchaser.

3. The vendor, before reselling, must give the purchaser notice of his intention to resell and to hold the purchaser responsible for the difference between the agreed price and the sum realized, together with all the expenses necessarily incident.

These propositions will be found fully sustained by the following authorities: Story on Sales, secs. 402, 436; *McEacham* v. *Randles*, 34 Barb. 301; *Pollen* v. *LeRoy*, 30 N. Y. 550.

*George M. Tuttle*, for defendant in error:

1. It is said that no notice was given to the first buyer of the intention to resell. We answer, the sale was in a judicial proceeding. The defendant was already a party, and by becoming purchaser only, he submitted himself to the jurisdiction of the court, and would have become a party if he had not already been such. *Requa* v. *Rea*, 2 Paige, 339; *Cazet* v. *Hubble*, 36 N. Y. 679. But more than that, ne had notice by the very necessity of the case. He knew the sheriff's return must be made, and his non-payment necessitated a resale.

2. It is said that the sale was not completed. That is, the sale was not confirmed, and deed made and tendered.

That the sale should not be completed to the first purchaser results from the necessity of the proceeding that

each purchaser shall derive his title from the order of the court through the sheriff. If the sale be confirmed, the statute then requires the sheriff to make the deed, and the matter then passes from under the control of the court in that proceeding. No vain act ought to be required. When the party has already refused, before the court, to pay for the property, that fact is known to the court judicially, and the party has no right to ask that the court shall trifle by taking steps to make that certain, which the court is already judicially informed of.

3. The second sale, it is said, " was not made by the defendant in error as the agent of Galpin."

It were better to say that it was not made by the defendant in error at all. It was made by the sheriff under the order of the court, and I know of no other way in which it could be made in the judicial proceedings, nor of any power of the court to affix characters to the sheriff, other than his official character, while performing the order of the court.

In short, I do not see why all substantial proceedings were not observed necessary in law to charge the defendant with any loss from the resale.

If there was a cause of action, could the defendant in error maintain the suit upon it? I maintain that he could.

No question as to proper parties was made in the pleadings. None, therefore, can now be made, except where a beneficial right accrued to the plaintiff. Code, sec. 89.

At the time of the suit, the entire beneficial interest had vested in the plaintiff below. By the express provisions of the code, therefore, he was a proper plaintiff. Code, sec. 25. The section permitting others to sue in such cases is not mandatory.

The obligation of the buyer to pay is to be regarded either as one of contract strictly or of legal duty analogous to that which arises upon contract.

If it be the latter, then, according to 3 Blackstone Com. 159, the remedy inures against the defendant " to such persons as suffer by his non-performance." And in the case

of *Graham* v. *The Bank*, 5 Ohio, 265, it was held that, under the strict principles of common law pleading, third persons having liens on the property could maintain an implied assumpsit for money had and received against the buyer.

If it be the case of a contract strictly, then the only question would be whether some other person should have been joined with the plaintiff, and this is a question which can not now be raised.

As furnishing principles which dispose of this question, and indeed as bearing upon this entire case, the court is referred to *Mayer* v. *Wick*, 15 Ohio St. 548.

WHITE, J.   It has been ruled in many cases that a sheriff may maintain an action in his official capacity, against the purchaser of real estate at judicial sale, to recover the price at which the property was struck off at such sale. *Ennis* v. *Waller*, 3 Blackf. 472; *Hand et al.* v. *Grant, Sheriff*, 5 S. & M. 508; *Chappell, Sheriff*, v. *Daun*, 21 Barb. 17; *Armstrong* v. *Vroman*, 11 Minn. 220; Gwynne on Sheriffs, 355.

In making such sale according to the commands of the writ under which he acts, he is discharging his duties as an officer of the law.   As is said in *Armstrong* v. *Vroman*, supra, until the money realized from the sale of the land comes into the hands of the sheriff, the judgment creditor has no legal interest in it.   It is the sheriff's duty to make the money as commanded by the writ.   For this purpose he has the right to enforce the collection by suit, if necessary, both for the sake of securing his own fees and that he may have funds wherewith to respond to the judgment creditor.

The contract of purchase is made with the officer as representing all the interests involved in the suit in which the judgment or decree of sale is rendered.   He and the purchaser are the only parties to the contract of purchase; and he alone can maintain an action against the purchaser to recover the purchase money.

The parties to the judgment or decree have different

interests and stand in different relations to the property, some holding the relation of debtor and others that of creditor. But however numerous the parties or diverse their interests, the officer represents them all, and none of the parties stand in such relation to the contract of the purchaser as to entitle them to maintain an action on it.

In the first place, they are not parties to the contract; in the second, they are not united in interest; and in the third place, if each could maintain an action, the purchaser would be subject to a multiplicity of suits on a legal cause of action in which he is entitled to a jury trial.

Nor is the question affected by the insolvency or bankruptcy of the judgment debtor. Although insolvent, he is still interested in having the judgment paid; and if a bankrupt, his assignee has such interest, for, to the extent that the judgment is paid, the claims against the assets in the hands of the assignee are diminished.

The action is supposed to be maintainable by the plaintiff below, Lamb, on the ground that if the first sale had been completed, the purchase-money would still have been insufficient to discharge his lien, and that the whole of the purchase-money would have gone to him after paying the prior incumbrances.

But that this ground is untenable was expressly decided in *Adams* v. *Adams*, 4 Watts, 110. The court in that case say: " The sheriff, in making the contract of sale with James Adams (the purchaser), was not acting as the agent of the plaintiff, nor yet of any one else. He is considered the principal himself in such cases, and the legal, as well as the real party making the contract of sale. Although it be true that he acts in the character of a trustee, yet it must be borne in mind that it is as an officer of the law that he does so; and that it is from the law he derives all his power and authority, and in sales of property made by him, as sheriff, under this authority, he alone has the right to receive the money arising therefrom, and is responsible for the legal appropriation of it, unless it is brought by him into court for that purpose. It would inevitably produce

great confusion and clashing of suits to permit other persons besides the sheriff, in their own names, to maintain suits against the sheriff's vendees for breaches of their contracts made with him. It would also be inconsistent with every principle of analogy in the law. The court were right, then, in directing the jury that the plaintiff was not entitled to recover the money in question, because there was no privity of contract between him and the intestate of the defendants. There was none, most certainly, either in fact or in law."

The same doctrine was subsequently affirmed in *Gaskell* v. *Morris*, 7 Watts & Serg. 32. And it may be remarked in regard to these decisions of the supreme court of Pennsylvania, that in that state there is no separate chancery jurisdiction, but that law and equity are administered there as here in the same forum.

The case of *Mayer* v. *Wick*, 15 Ohio St. 548, is not inconsistent with the foregoing decisions. In that case the sale had been confirmed, and the officer had thus become responsible for the purchase-money. He had tendered the deed to the purchaser, and assigned his right of action to the plaintiff in the decree under which the property was sold, and the latter was allowed to maintain the action for the purchase-money.

The objection to the plaintiff's maintaining the action is not waived, as is claimed in argument, by the failure to demur, on the ground of a defect of parties plaintiff. The objection is not that there is a defect of parties, but that no right of action is shown to exist in the plaintiff.

The code does not give such right of action. The rules of the code in respect to parties are substantially the same as those which prevailed in equity before the adoption of the code. Where no right of action existed in a party either at law or in equity, the code does not create one. Whether, if the sheriff should, by reason of collusion with the purchaser, refuse to bring the action, or, on being indemnified, should refuse, in a proper case, to do so, the parties in interest might not maintain a suit in equity

against the sheriff and the purchaser, we need not now inquire; for no such case is made in the petition.

It is claimed by the plaintiff in error that the law by which a purchaser, who fails to pay the purchase-money, is subject to the loss resulting from a resale of the property, is not applicable to real estate, especially not to such property sold at judicial sale.

In Indiana the subject is regulated by statute, and the purchaser may be proceeded against by motion and charged with the loss resulting from the resale. *Williams* v. *Lines,* 7 Blackf. 46; *Laverty* v. *Chamberlain,* Ib. 556. The same is true in Maryland, and, perhaps, in some of the other states.

In this state we have no statute on the subject, and whether the rule adopted in Pennsylvania prevails here we need not now definitely decide. Assuming for the purposes of the present case that it does, there is another fatal defect in the case of the plaintiff below.

Before the purchaser could be charged with the loss resulting from a resale, he ought to have been advised that the second sale was to be made at his risk.

No such notice was given by rule of court or otherwise. The purchaser might well have supposed from the order of the court refusing to confirm the sale, and directing the property to be again sold without qualification or condition, that the first sale had been abandoned, and that all parties had elected to take the chances of a second sale.

We are of opinion, therefore, that the court erred in overruling the demurrer to the petition.

The judgment is reversed, the demurrer to the petition sustained, and the petition dismissed.