AGNES D. NORTHROP *vs.* THE CITY OF WATERBURY.

* First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The record owner of land abutting on a city street cannot be affected by proceedings instituted by the city for the establishment of a street building line, unless due notice thereof has been given to him or to his authorized agent; otherwise he would be deprived of his property without having an opportunity to be heard, in violation of the "due course of law."

A notice to the record landowner's husband, "as agent of the estate of" a third person, is not a notice to the landowner.

In the present case the report of the board of road commissioners con-

tained a general statement to the effect that due notice had been given to all parties in interest. *Held* that this was controlled by the records of the board itself, which purported to show in detail the notices in fact given, and the actual appearances at the hearing; and that a similar statement in the report of the board of compensation was controlled by a city record showing a lack of notice to the plaintiff landowner.

It did not appear that the plaintiff had any notice or knowledge that the city had ever attempted to establish a building line on the street, until 1907. *Held* that under these circumstances she was not chargeable with laches, although the attempt was made in 1888, and there had since been no building set over the line by the other landowners on the street.

Argued October 8th—decided October 29th, 1908.

ACTION to remove a cloud from a title, brought to the Superior Court in New Haven County and reserved (*Ralph Wheeler, J.*), on an agreed statement of facts, for the advice of this court. *Judgment for plaintiff advised.*

*Lucien F. Burpee,* for the plaintiff.

*John P. Kellogg,* for the defendant.

BALDWIN, C. J. Agnes D. Hitchcock died in January, 1886. She devised a parcel of land on Central Avenue in the city of Waterbury to the plaintiff, Agnes D. Northrop of that city, subject to a life estate in Rufus E. Hitchcock. A distribution of her estate was made, pursuant to her will, by proper proceedings in the Court of Probate, and a certificate of the distribution of this land in conformity with the devise was recorded in the land records of Waterbury on November 24th, 1886. Rufus E. Hitchcock died on June 18th, 1888, since when Agnes D. Northrop has been the sole owner of the land, and in possession of it. She was the wife of Arthur D. Northrop, whom she married after the year 1877.

Proceedings by the city authorities to establish a building line on the lands abutting on Central Avenue were commenced on April 4th, 1888, and on June 20th, 1888,

the board of road commissioners directed notice to be given to all owners of such lands to appear before the board on July 11th, to be heard in relation to this matter. The records of the board showed that written notice to that effect was served on said Arthur D. Northrop, "as agent of the estate of Agnes D. Hitchcock," on July 5th, and that "the following persons appeared" at this hearing; several being then named. The name of Arthur D. Northrop is not among these, either as agent or otherwise. The board made a report to the court of common council, in which it is stated that it gave due notice of a hearing to all parties in interest. This was adopted, and a vote was passed establishing a building line fifteen feet back from and parallel to the street line. On April 1st, 1889, three judicious and disinterested freeholders were appointed by the mayor (see 7 Special Laws, p. 222, § 43) to assess the benefits and damages arising from the designation of this line, and on April 15th, written notice that they would meet at a time stated, to hear all owners of lands abutting on said Avenue in reference to such assessment, was served by the city sheriff on "Arthur D. Northrop as agent of the estate of Agnes D. Hitchcock."

The freeholders appointed were also the sole members of a standing board of the city government known as the ".board of compensation." 7 Special Laws, p. 220, § 38. The records of this board stated that, "at a meeting of the Board of Compensation C. S. Northrop, Samuel A. Chapman and Edward L. Frisbie, having been appointed by the Board of Common Council, as three judicious and disinterested freeholders," to assess the damages and benefits arising from the designation of building lines on Central Avenue, "and the property owners on said avenues, aforesaid, having been legally notified to appear before the above committee on this date, and be heard in reference to the matter of damages and benefits arising from the designation of building lines on said avenues, were

called and heard. The comm. then adjourned." The date of this meeting was not given. The records of the court of common council contained a copy of a report to it made on May 6th, 1889, signed "S. A. Chapman, C. S. Northrop, E. L. Frisbie, Board of Compensation." In the body of the report they described themselves as "a committee appointed April 1, 1889, to estimate and determine the damages and benefits arising from the designation of building lines on Central Avenue," and stated that they caused reasonable notice to be given to all parties in interest "pursuant to the provisions of the charter and ordinance of the city" to appear before them and be heard, at a certain time; that all persons who then appeared were fully heard; and that they assessed and determined the damages and benefits to be equal to all the property owners.

There was nothing else in the city records, and no other evidence, to show that Agnes D. Northrop had any notice of any of these proceedings, or that either she or Arthur D. Northrop appeared at either hearing.

Since they were completed, no property owner on the Avenue has attempted to erect any structure within fifteen feet of the street line. No appeal from any action of the city authorities in reference to the establishment of the building line has ever been taken by any person, although such a remedy is given by the city charter in favor of any party aggrieved.

On March 25th, 1907, the plaintiff, "not knowing nor believing" that any incumbrance on her land in the nature of a building line "existed, or was or could be legally claimed," sold it to bona fide purchasers without notice, and gave them a warranty deed. They subsequently, on learning of the claim of the city that a building line had been established upon it, made claim for breach of warranty, and the plaintiff was compelled to take the land back. It is worth less than it would be, were there no such claim, or records.

The notice of the hearing before the board of road commissioners, which was given to "Arthur D. Northrop as agent for the estate of Agnes D. Hitchcock" was no notice to the plaintiff. At the date of its service she was the sole owner of the lot in question. Her title appeared from the land records of the town, and it could be affected by no proceedings under the defendant's charter, of which she, either herself or through an authorized agent, as such, did not have due notice.

The general statement in the report of the board of road commissioners, that due notice was given to all parties in interest, is controlled by its own records, which purport to show in detail the notices in fact given, and the actual appearances at the hearing. See *Nichols* v. *Bridgeport*, 23 Conn. 189, 208; *Judson* v. *Bridgeport*, 25 id. 426, 429, 430.

*A fortiori*, the report of the three freeholders, signed by them as the "board of compensation," that all property owners were legally notified and heard, is controlled by the city record that a notice of the hearing was served on Arthur D. Northrop as agent of the estate of Agnes D. Hitchcock.

Other objections have been taken to the regularity of the proceedings, on which it is unnecessary to pass in view of the want of notice to the plaintiff. She could not be deprived of property save "by due course of law," after having had an opportunity to be heard. *Bostwick* v. *Isbell*, 41 Conn. 305.

It is contended that the plaintiff's case is within the equity of the statute of limitations (General Statutes, § 1109) as to entries on land. But not only has the city never entered on her land, but so far as appears it was not until 1907 that she had any notice or knowledge that there had been so much as an attempt made on its part to establish a building line. Under these circumstances she is not chargeable with laches.

The Superior Court is advised to render judgment in

favor of the plaintiff that no building line has been established on her land.

Costs will be taxed in her favor in this court.

In this opinion the other judges concurred.

