## BANCA COMMERCIALE ITALIANA TRUST COMPANY *vs.* WESTCHESTER ARTISTIC WORKS, INCORPORATED, ET ALS.

*Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS AND ELLS, JS.

---

*The record and briefs in this case were published in connection with an earlier motion to erase the appeal from the docket (108 Conn. 304) and will be found in the volume of records and briefs for the Third Judicial District, June Term, 1928.

Argued October 30th, 1928—decided March 2d, 1929.

*Harold L. Knapp*, with whom, on the brief, was *Ralph E. Brush*, for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom was *Harry B. Diner-stein,* for the appellee (defendant G. F. Beach Realty Company, Incorporated).

MALTBIE, J.   In pursuance of a judgment of fore-closure entered on February 25th, 1927, directing a sale of the mortgaged property, the committee ap-pointed to make the sale sold the property on April 9th, 1927, to the G. F. Beach Realty Company, Incor-porated, hereinafter called the Beach Company, for the sum of $4,361.83, of which amount $500 was paid in cash at the time of the sale.   On June 3d, 1927, the committee reported that it had made the sale to the Beach Company, but that the latter had defaulted in making payment, and made a motion that the report be accepted and the sale confirmed, and that the Beach Company be adjudged in default and a resale ordered, the company to be held liable for the difference be-tween the price at which it had bought the property and that realized on the resale, with allowance for the $500 it had paid.   A notice of this motion was person-ally served by the committee upon the treasurer of the Beach Company either on June 1st or 2d, 1927, and was by him turned over to the president of the com-pany, an attorney at law.   The court granted this mo-tion and entered judgment accordingly on June 3d, 1927, appointing the same committee to make the re-sale.   On June 24th, 1927, the committee reported that it had sold the property at a price less than that at which the Beach Company purchased it, and the court on that day entered judgment confirming the second sale and fixing the liability of the Beach Company for the deficiency in the sum of $3,811.83.   Thereafter, on August 26th, 1927, the Beach Company moved the court to reopen the judgments of June 3d, 1927, and June 24th, 1927, and the court granted the motion and

set aside these judgments, from which action the plaintiff appealed. A motion to erase the appeal from the docket on the ground that the action of the trial court in reopening and setting aside the judgments was not such a "final judgment" as permits an appeal was denied. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 142 Atl. 838.

The trial court opened and set aside the judgment because before the order of resale was made no rule was served upon the Beach Company to show cause why it should not be held in default and an order of resale be made charging it with any deficiency in the price realized. The plaintiff claims that the notice of the pendency of the motion of June 3d, 1927, which was served by the committee upon the treasurer of the company and was by him given to the president of the company was sufficient. In *Mariners Savings Bank* v. *Duca,* 98 Conn. 147, 118 Atl. 820, the purchaser at the first sale received no notice other than that afforded by the placing of the motion upon the short calendar and this was held sufficient; but the purchaser was originally a party to that action as a subsequent incumbrancer, had appeared, and the court inferred that, as an appearing party, he was represented at the hearing when the court ordered the resale. We there pointed out that procedure by a rule to show cause was the orderly and fair method to pursue. By his purchase, the purchaser does become so far a party to the action that he submits himself to the jurisdiction of the court. But before any order may be made for a resale of the premises at his charge, he is entitled to present any facts which may lead the court, acting upon equitable principles, to hold him not to be in default of his obligation under his purchase. *Camden* v. *Mayhew,* 129 U. S. 73, 86, 9 Sup. Ct. 246; *Gordon* v. *Saunders (Sims),*

2 McCord Ch. (S. C.) 151, 152; *Marsh* v. *Nimocks,* 122 N. C. 478, 480, 29 S. E. 840; *Clarkson* v. *Read,* 15 Gratt. (Va.) 288, 298; *Burton* v. *Linn,* 47 N. Y. Supp. 835, 837. He is not so far a party that by statute or practice he is called upon to enter an appearance and his failure to do so does not place him in a position where he may be treated as one in default of appearance. Before he may be adversely affected by a judgment of the court he is entitled to legal notice and hearing. *Schaefer* v. *O'Brien,* 49 Md. 253; *Galpin* v. *Land,* 29 Ohio St. 529, 537. As it is stated in *Camden* v. *Mayhew, supra,* he "may be proceeded against in the same suit by rule, or in any other mode devised by the court that will enable him to meet the issue as to his liability." We have no procedure in such a case as this by which to import into the record the finding of notice given to a party without an order of court. The necessity of a proceeding by a rule to show cause issuing from the court, or a like process, with proper service and return, is apparent. As counsel for the Beach Company well say, unless a procedure is followed such that the giving of notice to the purchaser definitely appears in the record of the court, any judgment rendered ordering a resale and charging the deficiency to him would on the face of the record appear to be erroneous, and subject to reversal by writ of error. *Gallup* v. *Jeffery Co.,* 86 Conn. 308, 312, 85 Atl. 374.

The trial court was correct when, in opening the judgment, it stated that the proper method was by a rule to show cause why the purchaser should not complete the sale or a resale be ordered charging him with any deficiency which might result. It is true that notice of the plaintiff's motion for an order of resale was personally served upon the officers of the company by the committee. But as already indicated,

service of notice without an order of court would not be sufficient to lay the basis for a judgment unimpeachable upon the face of the record. Moreover, the Beach Company was entitled to assume that the proper legal procedure would be followed and upon the presentation of the motion to the court, its rights would not be forthwith determined, but a rule to show cause would be issued, citing it to appear and be heard. An analogous situation occurs where a motion is made to hold one in contempt for failure to obey an order of the court; such a motion does not forthwith result in a determination of the issue of contempt, but in the making of a rule to show cause; and one who receives informal notice that such a motion is to be made need not appear but may await the service of the rule upon him.

A letter annexed to the finding shows that the Beach Company had notice, immediately after the judgment of June 3d, of the fact that the court had ordered a resale of the premises and the court has found that it also had notice of that resale, which took place June 18th, 1927. The plaintiff claims that by making no motion to reopen the judgment until August 25th, 1927, but, instead, standing by while the resale of the premises proceeded, the Beach Company is now debarred from objecting. There would be much force in this claim if it appeared that the company knew that the resale was being made under an order making it liable for any deficiency in the price realized, but that fact does not appear. The action of the court, so far as the Beach Company knew, might have been a refusal to confirm the sale to it and an order of resale without charging it with any deficiency. *Galpin* v. *Land,* 29 Ohio St. 529, 537; *Phelan* v. *Downs,* 69 N. Y. Supp. 375. With that situation it might very likely have been satisfied. One is not guilty of laches who

lacks knowledge of the facts which makes action on his part of concern to him; *Northrop* v. *Waterbury*, 81 Conn. 305, 309, 70 Atl. 1024; nor does it lie in the mouth of the plaintiff, which failed to take the proper steps to bring the Beach Company before the court, now to complain that the latter is guilty of laches in failing to do something which it was concerned to do only if it knew the nature of the order of the court. *Sullivan County Railroad* v. *Connecticut River Lumber Co.*, 76 Conn. 464, 476, 57 Atl. 287.

There is much in the conduct of the purchaser in this case which would not commend it to the consideration of the court, but in opening the judgments the court applied a correct rule of law and its action was justified. Whether, in view of all the circumstances and the equitable principles which ought to be applied, the Beach Company should be held to have defaulted in its obligations under its purchase is a matter properly to be determined upon the motion of the plaintiff made on June 3d and left pending by the opening of the judgments, wherein it asks that the company be held in default and an order of resale be made at its charge. We do not consider it on this appeal.

There is no error.

In this opinion the other judges concurred.