[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DETERMINE PRIORITIES RE DEPOSIT
On December 12, 1994 the court entered a judgment of foreclosure by sale in favor of the plaintiff, Farmers Mechanics Bank. The sale occurred on January 21, 1995 and the successful bidder was Domestic Loan Investment Bank ("DLIB") of Cranston, Rhode Island. On the date of the sale DLIB tendered to the Committee a certified check for $16,000 and signed a Bond for Deed in which it agreed to pay a total of $120,000 for the property. By the time the Committee had filed his Motion for Approval of Sale, CT Page 11667 DLIB had stopped payment on the certified check which it had tendered as a deposit and had indicated that it did not intend to purchase the property. DLIB does not claim that it had any valid reason for breaching its contract to purchase the property.
On March 20, 1995 this court ordered DLIB to pay the $16,000 deposit to the Committee within four days. It was also ordered that the Committee's fees and expenses be paid out of the $16,000 deposit and that the remainder of the deposit be held by the Committee until further order of the court. The court further ordered that the judgment of foreclosure by sale could be reopened and converted to a judgment of strict foreclosure. The plaintiff subsequently acquired title pursuant to the judgment of strict foreclosure when no one redeemed.
The plaintiff has moved that the remainder of the $16,000 deposit be paid over to it. DLIB seeks to have that amount returned to it.
At the time the judgment for foreclosure by sale entered the court found that the mortgaged property, 24 Iron Gate Lane, Cromwell, Connecticut, had a fair market value of $157,000. The court appointed appraiser indicated that the property had a fair market value of $140,000. At the present time the amount of the plaintiff's debt is approximately $87,000.
The plaintiff relies on the language of the Bond for Deed between the Committee and DLIB which provides, in pertinent part:
 Because the anticipated damages are uncertain in amount and difficult to prove, because the parties hereto wish to liquidate said damages in advance, and because moneys paid in pursuance of this agreement are not greatly disproportionate to the damage reasonably to be anticipated in the event of breach, it is further agreed that if the said Buyer shall fail to make the several payments, or any of them as herein before stated, Buyer shall forfeit all claims to the premises described herein, and all moneys paid in pursuance of this agreement as liquidated damages.
The plaintiff also argues that after title to the mortgaged property vested in it, it was required to pay $6,856 in property taxes due to the Town of Cromwell and also was required to expend an additional $1087 in attorneys' fees in connection with the CT Page 11668 actions of DLIB.
DLIB argues, on the other hand, that the property has a fair market value far in excess of the debt, taxes and attorneys' fees and, therefore, the plaintiff has suffered no deficiency and it would be inequitable to permit the plaintiff to retain the deposit. The plaintiff responds that if the property was really so valuable, then DLIB would not have reneged on its obligations under the Bond for Deed, and that if DLIB had purchased the property for $120,000, the plaintiff would have received payment in full on its debt, and would not have had to incur any additional expenses for taxes or attorneys' fees.
Under longstanding common law of this state, the defaulting purchaser in a foreclosure sale is liable for any deficiency arising out of the resale. Mariners Savings Banks v. Duca, 98 Conn. 147,155-56, 118 A. 820 (1922); Banca Commerciale Italiana TrustCo. v. Westchester Artistic Works, 109 Conn. 23, 26, 145 A. 20
(1929). However, in those cases there was no Bond for Deed with a forfeiture provision such as the one present in this case.
In the present case, it is not possible to determine the common law liability of DLIB because no resale occurred. The arguments advanced by the plaintiff and DLIB are both flawed.
A foreclosure is an equitable proceeding and, therefore, the harsh remedy sought by the plaintiff must be carefully scrutinized to make sure that DLIB is not unduly harmed thereby. CiticorpMortgage, Inc. v. Burgos, 227 Conn. 116, 121, 629 A.2d 410 (1993).
DLIB's reliance on the fair market value of the property to establish a deficiency is misplaced. In a foreclosure by sale "the price realized upon the sale of the property fixes the amount for which a deficiency may be entered pursuant to General Statutes49-28. Fairfield Plumbing Heating Supply Corporation v. Kosa,220 Conn. 643, 646 n. 8, 600 A.2d 1 (1991); see also Cronin v.Gager-Crawford Co., 128 Conn. 688, 692-93, 25 A.2d 652 (1942); D. Caron, Connecticut Foreclosures (2d Ed. 1989) 9.05B, p. 161.Baybank Connecticut, N.A. v. Thumlert, 222 Conn. 784, 788-89,610 A.2d 658 (1992). The deficiency is determined by subtracting the sale proceeds from the amount of the debt. Id., 786; Cronin v.Gager-Crawford Co., supra, 692." New England Savings Bank v.Lopez, 227 Conn. 270, 277, 278 630 A.2d 1010 (1993).
Lopez recognized a difference between fair market value and CT Page 11669 "auction block" value. In most cases in which a foreclosure by sale is ordered, the fair market value of the property exceeds the debt owed to the plaintiff. However, the foreclosure sale price is almost always substantially lower than the fair market value and, in many cases, lower than the debt owed to the plaintiff. Therefore, a defaulting purchaser would generally by able to escape any penalty at all if its penalty was limited to the difference between fair market value and debt.
Under the circumstances of this case the court finds that the plaintiff should be able to recover the expenses that it paid, which it would have avoided if DLIB had not defaulted on the Bond for Deed. Therefore, the Committee should pay the amount of $7,943 ($6,856 for taxes and $1,087 for attorneys' fees) to the plaintiff. The balance of the deposit held by the Committee should be returned to DLIB. Said payments should be made within thirty days of the date hereof.
By the Court,
Aurigemma, J.