WILLIAM M. IVLER ET AL. *v.* MAUD H. STANTON ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 1—decided June 2, 1971

*William M. Ivler,* for the appellants (plaintiffs).

*Penfield C. Mead,* for the appellees (defendants).

PER CURIAM. The amended complaint alleges the existence of a driveway on the defendants' land in Stamford over which the plaintiffs, abutting landowners, had by deed a reserved use in common with the defendants, for purposes of ingress and egress. Such use was to continue until there was erected on the defendants' premises "a building or buildings of a permanent nature, . . . so placed as to prevent the use of said driveway in which event the said reserved right shall terminate." The amended complaint further alleged that the defendants "has [sic] commenced construction of a small addition to the existing building and has [sic] blocked the plaintiffs from using said right of way."

The defendants demurred to the amended complaint on the ground that "because by the terms of the reserved right and the facts alleged the reservation has terminated and is of no further effect." The court sustained the demurrer for the reason that the "erection of a bathroom as an addition to the existing building is permanent in nature and in and of itself, by reasonable interpretation, constitutes a 'building.' " The plaintiffs failed to plead over and judgment was rendered on demurrer sustained. The plaintiffs have appealed to this court.

The function of a demurrer is to test the sufficiency of a pleading. *Mainolfi* v. *Zoning Board of Appeals,* 146 Conn. 634, 636, 153 A.2d 460; see Practice Book § 106. In testing the legal sufficiency of a

complaint on demurrer, the court is limited to and controlled entirely by the information which the complaint itself affords. *Ryan* v. *Knights of Columbus,* 82 Conn. 91, 92, 72 A. 574. The hearing on a demurrer is restricted to arguments on the points of law raised by the demurrer. See 2 Stephenson, Conn. Civ. Proc. (2d Ed.), p. 471.

Whether the construction of "a small addition to the existing building" has blocked the plaintiffs' use of their right of way was a question of fact to be determined by the trier. Whether that addition constitutes a "building or buildings" and is "of a permanent nature" depends on the facts to be adduced. See *Katsoff* v. *Lucertini,* 141 Conn. 74, 77, 103 A.2d 812. There is nothing in the record to indicate what "small addition" was being constructed by the defendants, much less that the addition was to be a bathroom. Clearly, the court went beyond the limits of the information contained in the complaint. The demurrer was not well taken.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.