[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
The defendant Lakeridge Association owned, operated, maintained and controlled an indoor swimming pool in the Lakeridge Association complex in Torrington, Connecticut. On or about March 27, 1988 the plaintiff Georgia Dressner, while a property owner in the Lakeridge complex, slipped and fell on the concrete area surrounding the swimming pool. The plaintiff landed on her back and struck her head causing severe and painful injuries. The complaint alleges that a substantial accumulation of water was present at the place of the plaintiff's fall which rendered the CT Page 197 concrete surface below the water extremely hazardous and slippery. While the first count of the complaint sounds in negligence, the second count asserts that the defendant's activity rose to the level of reckless, willful and wanton conduct. The defendant now moves to strike counts two and three of the complaint and the plaintiff's claim for punitive damages.
A motion to strike construes all facts contained in the complaint in the manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). Such a motion admits all well-pleaded facts and those facts necessarily implied from the allegations of the complaint. Id. at 83.
The defendant maintains that the complaint's second count and the claim for punitive damages should be stricken because the plaintiff has failed to allege facts sufficient to establish that the defendant has engaged in reckless, willful and wanton conduct. Specifically, the defendant claims that the plaintiff has made identical allegations in both her first count which alleges negligence and her second count which alleges reckless, willful and wanton conduct. There is a substantial difference between negligence and willful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel that willful or malicious conduct is being asserted. Werner v. Leslie-Elliot Constructors, Inc.,194 Conn. 129, 138 (1984).
The plaintiff contends that reckless, willful and wanton conduct is sufficiently alleged in paragraph 8a of the complaint where it is alleged that "even though they were aware and had prior notice of the hazardous and slippery condition which existed from others who had fallen in the same area as the plaintiff, the defendant took no remedial steps to correct the defects." Complaint Second Count at 8a.
In order to constitute a sufficient allegation of recklessness "there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Dubay v. Irish, 207 Conn. 518, 532 (1988). Willful, wanton or reckless conduct "tends to take on an aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Id, at 519. When viewed in the light most favorable to the pleader, the conduct described above rises to the level of willful, wanton or reckless behavior. Moreover issues determinative of whether certain conduct is reckless or willful and wanton often involve questions of fact which must be reserved for the trier of fact and cannot be resolved on a motion to strike. See Ivler v. Stanton,161 Conn. 568, 570 (1971). Therefore, that portion of the motion CT Page 198 seeking to strike count two of the complaint is denied. Additionally, punitive damages are awarded only when the evidence shows a reckless indifference to the rights of others or a willful and wanton violation of those rights. Ames v. Sears, Roebuck Co.8 Conn. App. 642, 654 (1986). Since count two alleging willful, wanton and reckless conduct remains in the complaint, the prayer for relief seeking punitive damages should also remain.
Lastly, the defendant claims that count three of the complaint sounding in private nuisance should be stricken because the plaintiff has failed to allege that she had an ownership interest in land. A plaintiff must suffer an injury in relation to his ownership of an interest in land in order to recover under a theory of private nuisance. Couture v. Board of Education, 6 Conn. App. 309,315 (1986); See also Webel v. Yale University, 125 Conn. 515,525 (1939). The complaint, however, does allege that the plaintiff was a property owner in the Lakeridge complex at the time of the injury. Such ownership creates an interest in real property. See Conn. Gen. Stat. 47-202. Consequently, the plaintiff has sufficiently alleged a cause of action for private nuisance. Accordingly, the motion to strike is denied.
PICKETT, J.