[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Brian F. Schereschewsky is a resident of Washington, CT Page 59 Connecticut while the defendant Brian Lynch resides in Sharon, Connecticut. On or about March 28, 1989 the plaintiff and defendant were vacationing in Cozumel, Mexico with a number of other individuals with whom they attended college at the time. The plaintiff was a passenger in a car driven by the defendant when the car was involved in a one car collision. The plaintiff alleges that the defendant's negligence caused the accident. The defendant's first special defense is assumption of the risk, his fourth special defense is joint enterprise, and his fifth special defense is that the law of Mexico bars recovery by the plaintiff.
The plaintiff moves to strike each of these defenses on the premise that it is the law of Connecticut, not the law of Mexico, that is applicable to this litigation. Connecticut's long-standing allegiance to the doctrine of lex loci delecti was abandoned in O'Connor v. O'Connor, 201 Conn. 632,648 (1986). The court in O'Connor concluded that the best alternative to the doctrine of lex loci was the comprehensive and equitably balanced approach taken by The Restatement Second of Conflict of Laws. Id. at 649-50.
The O'Connor case concerned two Connecticut domiciliaries involved in an accident in Quebec, Canada. Id. at 634. In deciding the question of which law to apply, the O'Connor court weighed the factors listed in the REstatement Second 145(2). Those factors are as follows: A) the place where the injury occurred; B) the place where the conduct causing the injury occurred; C) the domicile or residence of the parties; D) the place where the relationship between the parties is centered. Id. at 652. Under these circumstances, the court concluded that the law of Connecticut should prevail. Id. at 657.
In the instant action, the place of the injury and the place where the conduct causing the injury occurred is Cozumel, Mexico. Both parties, however, are Connecticut residents. There is no evidence that the vehicle involved was insured or registered in Mexico. In similar circumstances, it has been determined that the place of the injury was not significant for the purpose of a choice of law inquiry. Id. at 656. The interest of Connecticut, however, is significant since both the plaintiff and the defendant are Connecticut residents. See Id. at 657. Consequently, to the extent that the parties to this action might have anticipated being involved in an automobile accident, they could reasonably have expected to be subject to Connecticut law. See Id. at 657. Therefore, the defendant's fifth special defense should be stricken since Connecticut law should be applied to this case.
Correspondingly, the first special defense of assumption of the risk should be stricken since this defense has been abolished under Connecticut law. Conn. Gen. Stat. 52-572h(L).
The plaintiff next seeks to strike the defendant's fourth special defense of joint enterprise. It has been held that "the doctrine of joint enterprise or joint adventure as applied to the operation of an automobile ought to be restricted to cases where the common right to CT Page 60 control the automobile's operation, and the correlative common responsibility for negligence in its operation, is either clearly apparent from the agreement of the parties, or is a logical conclusion from the facts found by the trier." Coleman v. Bent, 100 Conn. 527, 532 (1924). Under the circumstances that are present in this case, the motion to strike the special defense of joint enterprise relates to a question of fact which cannot be properly addressed on a motion to strike. See Ivler v. Stanton, 161 Conn. 568, 570 (1971). Therefore, the special defense of joint enterprise should not be stricken.
For the reasons stated, the motion is granted as to the first and fifth special defenses and denied as to the fourth special defense.
PICKETT, J.