## HARBOUR LANDING DEVELOPMENT CORPORATION *v.* ELIZABETH HERMAN ET AL. (10537)

DUPONT, C. J., DALY and FOTI, Js.

Argued January 6—decision released March 17, 1992

*Robert A. Horowitz,* with whom, on the brief, was *Mark S. Gregory,* for the appellant (defendant Harbour Landing Condominium Association, Inc.).

*Louis M. Federici,* with whom, on the brief, was *Richard J. Falcigno,* for the appellee (plaintiff).

DALY, J. This is an appeal from the trial court's order confirming a sale by foreclosure of a condominium unit. The defendant Harbour Landing Condominium Association, Inc. (association), claims that the court improperly (1) refused to consider imposing a constructive trust in its favor and (2) failed to impose a constructive trust. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In September, 1983, the named defendant, Elizabeth Herman, purchased the condominium unit from the plaintiff developer, Harbour Landing Development Corporation. The plaintiff developer financed this purchase and received a mortgage on the condominium unit for $173,000. On October 6, 1988, after Herman defaulted on the mortgage, the developer instituted a foreclosure action against her. The defendant association had obtained a prejudgment garnishment for $184,156 of the developer's mortgage on this condominium unit. In March, 1989, a judgment of foreclosure by sale was entered.

At the first judicial sale of this condominium unit on July 8, 1989, the only bidder was the developer. The developer, however, could not pay the outstanding committee fee and this attempt to purchase the unit failed. A second judicial sale was held on November 8, 1990, but no bids were made on the condominium. The association then requested that the court, *Celotto, J.,* order a third sale to be held on January 12, 1991. The court appointed a committee to conduct the sale. The committee advertised the sale of the condominium unit in

the New Haven Register on three different days and once in the Commercial Record as required by the court. According to an appraisal done by the committee, the condominium was valued at $120,000.

The only people present at the sale of the condominium unit were Edward Grom, the then president of the association, and his wife. Grom's bid of $15,000 for the unit was accepted by the committee. Grom purchased the unit with Norman Pollack, the then treasurer of the association. The purchasers also assumed the outstanding tax obligation of $16,041.41 as well as $2474.35 in unpaid common charges owed to the condominium association. On February 11, 1991, the court, *D. Dorsey, J.,* approved this sale. It was later discovered that Herman, the original purchaser of the condominium unit, had filed a chapter 11 bankruptcy petition on January 22, 1991. On March 11, 1991, the court, *D. Dorsey, J.,* vacated approval of the sale because the filing of the bankruptcy petition resulted in an automatic stay that voided the court's order of February 11, 1991, confirming the sale. On May 20, 1991, the bankruptcy court lifted the automatic stay because Herman lacked equity in the condominium unit.

On July 16, 1991, approval of the sale was sought before the court, *Celotto, J.* The association claimed that Grom and Pollack failed to notify properly the individual condominium owners about this sale. Counsel for the association argued for the imposition of a constructive trust at the hearing on the motion to confirm the sale. After this hearing, the court confirmed the sale. The association is not challenging the committee's conduct with respect to the sale of the condominium unit.

I

The association claims that the court abused its discretion by failing to consider imposing a constructive trust. The court stated that the association might be

able to bring a separate action against Pollack and Grom asserting a breach of fiduciary duty but "[t]hat [was] another story from what we have before us today." The court also asked counsel whether he had any witnesses present to testify concerning the imposition of a constructive trust. Counsel for the association did not have his witness, Lisa Anderson, the attorney who had previously represented the association, present in court. He requested a delay and stated that Anderson could be in court within a short period of time. The court stated that this witness should have been present in court at the beginning of the hearing. After some questioning and argument by both sides, the court concluded that "[f]irst of all, we have to accept the fact that the board of directors knew there was going to be a sale. We have to accept the fact that statutory notice was complied with. So, that left everyone in a position to go to the auction and bid. It's not a situation where a member of the board of directors said, 'There's not going to be any sale. Don't go. There's nothing happening,' and then he himself goes and bids." The court was well aware of its power to impose the constructive trust in this foreclosure proceeding but chose not to impose it.

It is well established that a foreclosure action constitutes an equitable proceeding. *City Savings Bank* v. *Lawler,* 163 Conn. 149, 155, 302 A.2d 252 (1972); *First New Haven National Bank* v. *Rowan,* 2 Conn. App. 114, 118, 476 A.2d 1079 (1984). " '[A] court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate.' . . ." (Citations omitted.) *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1988), quoting *Honeyman* v. *Jacobs,* 306 U.S. 539, 543, 59 S. Ct. 702, 83 L. Ed 972 (1938). In an equitable proceeding,

the trial court may examine all relevant factors "to ensure that complete justice is done." *Reynolds* v. *Ramos,* 188 Conn. 316, 320, 449 A.2d 182 (1982). "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." *Kakalik* v. *Bernardo,* 184 Conn. 386, 395, 439 A.2d 1016 (1981).

On the basis of our review of the record, we are satisfied that there was sufficient consideration of the need for imposing a constructive trust as an appropriate equitable remedy. This was not a case where the desired relief was not granted because the court thought it lacked the power to implement the relief. The court's statement that the association should bring a separate action against Grom and Pollack did not mean that it refused to consider the need for imposing a constructive trust. The court stated that it was not convinced that the individual unit owners lacked notice of this sale. Because all the conditions established for the sale were met, the court concluded that there were no grounds for finding that this sale was unfair or inequitable. Thus, it refused to invoke its equitable powers to upset the result of the sale of the condominium unit.

## II

In its remaining claim, the association argues that the court's failure to impose a constructive trust was an abuse of discretion. It asserts that because Grom and Pollack were officers of the association, their purchase of the condominium unit was an usurpation of a corporate opportunity. We disagree.

Our review is limited to a determination of whether the court's decision not to award the equitable relief of a constructive trust was reasonable. *Reynolds* v. *Ramos,* supra, 321. "When we review the exercise of discretion by the trial court, every reasonable presumption will be given in favor of the correctness of its ruling." Id., 320–21.

We are satisfied that the trial court did not abuse its discretion in failing to impose a constructive trust. The association failed to have its witness, Anderson, present when it sought to offer evidence on the need for a constructive trust. The court reasonably concluded that this sale should be confirmed based on the past difficulties in finding purchasers for this condominium unit. The association also failed to present evidence indicating that this sale was a corporate opportunity that belonged to the association. Even if the sale of the condominium unit was a corporate opportunity, the advertisement of the sale in two separate publications along with the two prior sales where the association did not attempt to purchase the condominium unit indicate that it was not interested in purchasing the unit. On the basis of this record, we cannot say that the court abused its discretion or that an injustice was done by the failure to impose a constructive trust.

The judgment is affirmed.

In this opinion the other judges concurred.