[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE AND MOTION TO DISMISS COUNTERCLAIM
The plaintiff City of Hartford brought this one count Complaint requesting a foreclosure of the municipal tax liens levied on the named defendants' property. The Complaint alleges, inter alia, that on October 1, 1988, taxes in the amount of $7,373.63 were duly and properly assessed against said premises and became due and payable on July 1, 1989. Taxes in the amount of $54,731.96 were duly and properly assessed against said premises and became due and payable on July 1, 1990. Furthermore, taxes in the amount of $54,424.54 were duly and properly assessed against said premises on October 1, 1990 and became due and payable on July 1, 1991. The plaintiff claims a lien created pursuant to Section 12-172
of the Connecticut General Statutes on the subject premises for the foregoing taxes.
The named defendant filed an Answer, Special Defense, and Counterclaim. The Answer denies the allegation of plaintiff's Complaint that the taxes assessed in 1989 and 1990 were duly and properly assessed against said premises and became due and payable.
The Special Defense alleges as follows:
The taxes assessed are grossly excessive, do not CT Page 9149 bear any relationship to taxes placed on similar buildings in the neighborhood of the defendant's property and by increasing the defendant's tax burden by over 100% in one year, is arbitrary, confiscatory and unconstitutional.
The plaintiff has moved to strike the special defense on the grounds that it is not a proper special defense to a foreclosure action.
Pursuant to Connecticut Practice Book Section 164, a "Special defense requires the pleading of facts which are consistent with plaintiff's statement of facts, but show, nevertheless, that it has no cause of action. . . ." Northeast Savings, F.A. v. Dunst, 7 CSCR 527 (May 4, 1992).
The available defenses to a foreclosure are limited to such things as payment, discharge, release, satisfaction or the invalidity of the lien. Petterson v. Weinstock,106 Conn. 436, 441 (1927).
Defendant in the present action does not allege any of these specified defenses in its Special Defense. The defendant does attack the tax as "grossly excessive"
Connecticut General Statutes Sections 12-111, 12-118 and12-119 provide administrative review procedures as a remedy for aggrieved taxpayers for alleged overassessment of property taxes.
The claim that the property has been wrongfully or excessively assessed could be appealed in one of two ways: "(1) to the board of tax review and from there, within two months, to the superior court pursuant to [General Statutes] Section 12-111 and Section 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to Connecticut General Statutes Section 12-119." Norwich v. Lebanon, 193 Conn. 342, 346-48, 477 A.2d 115 (1984).
In the present case, the plaintiff claims that the defendant has failed to file a tax appeal for the property tax assessments made in October 1989, 1990 and 1991 pursuant to the prescribed statutory procedure and within the prescribed statutory period. CT Page 9150
In Town of Farmington v. Dowling, 26 Conn. App. 545,602 A.2d 1047 (1992), the Town of Farmington initiated an action against the defendant property owner for collection of delinquent real estate taxes. The defendant in that case did not challenge the tax assessments within one year from the date when the property was last evaluated for purposes of taxation, pursuant to the statutory mandate but rather chose to file a special defense alleging improper tax assessment in plaintiff's foreclosure action.
The Appellate Court in Town of Farmington determined that taxpayer who has failed to follow and exhaust prescribed statutory procedures to redress allegations of improper tax assessments is foreclosed from continuing litigation outside these statutes. See, Town of Farmington, at 549 quoting, Schlumberger Technology Corporation v. Dubno, 202 Conn. 412,422, 521 A.2d 569 (1987); Norwich v. Lebanon, 200 Conn. 697,709, 513 A.2d 77 (1986); and Owner-Operators Independent Drivers Assoc. of America v. State, 209 Conn. 679, 692,553 A.2d 1104 (1989).
The court reasoned that by failing to contest the assessments of the property via the appropriate statutory procedures, defendant effectively waived his right to challenge the same in the collection action by the Town. Having so reasoned, the Appellate Court affirmed the trial court's decision and granted summary judgment in favor of plaintiff.
The defendant has claimed in its opposition to the motion to strike that it did file a timely tax appeal as to certain taxes which it does not identify However such action has not been pleaded in the special defense and cannot properly be considered by the court on a motion to strike. Ivler v. Stanton, 161 Conn. 568, 570, 287 A.2d 742 (1971)
On the face of the pleadings the defendant is improperly claiming that the taxes in issue. are excessive without any allegation that it has followed the mandated statutory proceedings prescribed by 12-118 and 12-119 of the Connecticut General Statutes. Therefore, the motion to strike the first special defense is granted.
In its counterclaim the defendant has alleged, inter CT Page 9151 alia, that the plaintiff arbitrarily raised the defendant's taxes to a point where the defendant could not compete for new tenants and could not keep its existing tenants when their leases expired and that the plaintiff rendered the defendant's building economically incapable of competing as an economic entity effectively taking the defendant's property without due process of law or just compensation. Under the Norwich v. Lebanon, and City of Farmington cases, the defendants had two statutorily prescribed paths to follow in pursuing its claim that the taxes in question were invalidly assessed and grossly excessive. The court lacks jurisdiction to entertain such a claim unless it is asserted in the statutorily prescribed context. Laurel Park, Inc. v. Pac, 194 Conn. 677, 685,485 A.2d 1272 (1984.
The defendant has asserted that it has filed a tax appeal following the proper statutory procedure. It argues, in effect, that its filing the tax appeal gives this court jurisdiction to hear its counterclaim on this action which has not been filed pursuant to 12-118 or 12-119. The defendant has supplied no authority for that position. This court is without jurisdiction to hear the counterclaim under Laurel Park, Inc. v. Pac., supra.
For the foregoing reasons, the motion to dismiss is granted.