[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR DEFICIENCY JUDGMENT
McCarthy Secola for plaintiff.
David S. Miles for defendant.
On August 2, 1993 a Judgment of Foreclosure by sale was entered in this matter. The debt was found against the defendant, Raymond A. Goshdigian in the amount of $185,773.06, attorneys fees of $2,290.00 and an appraisal fee of $1,000.00. The court appointed appraiser valued the property at $265,000.00.
The sale took place on April 16, 1994. The only bidder was the plaintiff, New Milford Savings Bank which bid $159,000.00. On May 16, 1994 the court (Pickett, J.) entered the following order on the motion for approval of committee sale:
 5. The Plaintiff is not entitled to a deficiency judgment against the defendant Raymond A. Goshdigian as it bid a lesser amount than Mr. Goshdigian's debt. CT Page 8114
On June 7, 1994, the court denied the plaintiff's motion to strike paragraph 5 of its May 16, 1994 order, and also denied the defendant's motion to reargue. On June 21, 1994, the court denied the plaintiff's motion for a deficiency judgment. On July 11, 1994, the plaintiff appealed the denial of its motion for a deficiency judgment.
The court is not unmindful of the Supreme Court holding in New England Savings Bank v. Lopez, 227 Conn. 270
which held that, "after a commercially reasonable sale, a secured creditor is entitled to a deficiency judgment measured by the net proceeds of the sale in accordance with § 42a-9-504(1)." New England Savings Bank, supra 281. In this case, however, the court's approval of the sale was specifically conditioned upon there being no deficiency judgment claim. The plaintiff was reprsented [represented] by counsel and had accepted a deed to the property. Had the condition not been accepted, the sale would have been rejected and either another sale ordered or the action resolved by means of a strict foreclosure. The plaintiff's bid was $26,773.06 under its debt. If it can bid that amount under its debt and thereby increase the deficiency, there is no reason it could not bid $50,000.00 under its debt. Such a result defies all principles of equity. As stated in Citicorp Mortgage,Inc. v. Burgos, 227 Conn. 116, at 120, "`It is well established that a foreclosure action constitutes an equitable proceeding.' Harbour Landing DevelopmentCorporation v. Herman, 27 Conn. App. 98, 101,603 A.2d 779 (1992). `In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court.' (Citations omitted; internal quotation marks omitted.) Id., 101-102; see alsoBanca Commerciale Italiana Trust Co. v. WestchesterArtistic Works, 109 Conn. 23, 26, 145 A. 20 (1929);Mariners Savings Banks v. Duca, 98 Conn. 147, 152,118 A. 820 (1922)."
Finally the court notes that since the plaintiff was the successful bidder, it will receive back the consideration it advanced. It therefore will obtain title CT Page 8115 to property appraised at $265,000.00 for no additional consideration except sums paid for committee fees. In the event the court's conditional approval of the sale was erroneous, the only reasonable resolution is to reject the sale and continue the matter for further proceedings.
PICKETT, J.