[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 16, 1996
The plaintiff, the Town of Watertown, (Town) has brought this action against the defendant, Janet McDonald. (McDonald) to foreclose tax liens which were filed by the Town on the defendant's property located at Cherry Avenue in Watertown. Connecticut. It is alleged the liens were filed following the defendant's failure to pay property taxes due from the 1992 and 1993 grand list. The taxes at issue were assessed by the Town on the 1992 grand list for $981.02, and on the 1993 grand list for $1,023.04.
The complaint sounds in six counts, the Town alleging that because the defendant did not pay the taxes on each of the lots when they became due, the Town placed liens on the property. In its prayer for relief, the Town seeks strict foreclosure of the liens. CT Page 1127
In her answer, the defendant admits that she has not paid any taxes for the 1992 and 1993 grand list assessments. However, she denies that the Town properly assessed the property and that the Town properly placed the liens on the property.
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Waterand Way Properties v. Colt Mfg. Co., 230 Conn. 660, 664,646 A.2d 143 (1994). The purpose of summary judgment is to eliminate the delay and expense of litigating an issue when there is no genuine issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 [1989). The moving party bears the burden of establishing the nonexistence of any material fact, . . . and the trial court must view the evidence before it in the light most favorable to the nonmoving party. Honan v. Greene, 37 Conn. App. 137,139-40, 655 A.2d 274 (1995).
The trial court must view all the evidence in favor of the nonmoving party. If the movant would be entitled to a directed verdict on the facts, then the movant should be granted a summary judgment. Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "A directed verdict is justified if on the evidence the jury could not reasonably and legally have reached any other conclusion." Krondes v. O'Boy, 37 Conn. App. 430, 433,656 A.2d 692 (1995).
In support of its motion for summary judgment, the Town contends that the only method of testing the validity of the taxes would have been through a special defense under Practice Book §§ 164 and 165. Even if the defendant had done this, the Town argues that this defense would have not survived a motion for summary judgment because the defendants only remedy is a tax appeal under General Statutes § 12-111 and 12-118. The Town cites Norwich v. Lebanon, 193 Conn. 342, 346-48. 477 A.2d 115
(1984), for the proposition that claims wrongfully assessed may be appealed only to the board of tax review. Thus, the Town argues that the taxes and lien were properly levied, that the defendant failed to challenge the tax assessment properly, and therefore the motion for summary judgment should be granted.
The defendant concedes that she took title to the real estate on August 5, 1994 and that she has refused to pay the taxes on CT Page 1128 the property since that time. The crux of the defendant's argument is that the assessment for 1992 and 1993 was arbitrarily and capriciously made, and that the assessment does not represent the property's true value. The defendant notes that the Town denied an application for zoning permits on the property in 1992, and argues that this made the property unbuildable. The defendant argues that the town placed a "caveat" on the land records of the property, which was not released until August 5, 1994, and that this caveat diminished the value of the property.
The defendant argues that the effect of the Town's actions in this matter was to severely diminish the property's value. To support this argument, the defendant attached an exhibit to its memorandum, in which the Town's attorney, Franklin Pilicy states that "the real property has little value without a valid and continuing subdivision approval." The defendant alleges that Pilicy also wrote that without the zoning approval, "there will merely be the vacant piece of land which will require further proceedings." Based on these statements, the defendant claims that the property was improperly assessed and contends that the Town should reassess the property to its true value following the Zoning Board's denial of the application for building permits on the property.
In Connecticut, a taxpayer who wishes to challenge the assessment of taxes has several avenues to pursue. "The claim that the property had been wrongfully or excessively assessed could have been appealed in one of two ways: (1) to the board of tax review and from there, within two months, to the Superior Court pursuant to 12-111 and 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to 12-119."Voluntown v. Rytman, 21 Conn. App. 275, 283, 573 A.2d 336 (1990), quoting Norwich v. Lebanon, 193 Conn. 342, 346-48, 477 A.2d 115
(1984); see also Hartford v. Faith Center, Inc., 196 Conn. 487,491-92, 493 A.2d 883 (1985).
"Our Supreme Court has repeatedly insisted that a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures . . . Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities, a taxpayer must exhaust them . . . A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside these statutes . . . By failing to contest the CT Page 1129 assessments of the parcel properly, the defendant has effectively waived his right to challenge them . . . Indeed, direct judicial adjudication is not warranted when the relief sought by a litigant may have been obtained through an alternative statutory procedure which the litigant has chosen to ignore." [Citations omitted; internal quotations omitted.] Farmington v. Dowling,26 Conn. App. 545, 549-50, 602 A.2d 1047 (1992), appeal dismissed,224 Conn. 592, 619 A.2d 852 (1993).
In this case, the defendant never contested the assessments made on the property until the Town sued to foreclose on its tax liens. A defendant who claims that the taxes in issue are excessive, without any allegation that it has followed the mandated statutory proceedings prescribed by the Connecticut General Statutes has waived his right to challenge the assessments. Hartford v. Alexander, Joshua Asso., 8 CSCR 1212, (Oct. 28, 1993) (Aurigemma, J.)
However, this is a foreclosure action. As a general rule, the only available defenses to a foreclosure action are limited to such things as payment, discharge, release, satisfaction or the invalidity of the lien. Federal National Mortgage Assoc. v. Wang,
Superior Court, Judicial District of Ansonia/Milford, at Milford, Docket No 04 53 63 (Jan. 23, 1995) (Curran, S.T.R.), citingPeterson v. Weinstock, 106 Conn. 436, 441, 138 A.2d 433 (1927). However, "[i]t is well established that a foreclosure action constitutes an equitable proceeding." Harbour Landing DevelopmentCorporation v. Herman, 27 Conn. App. 98, 101, 603 A.2d 779 (1992). "In equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." Citicorp Mortgage, Inc. v. Burgos, 227 Conn. 116,120, 629 A.2d 410 (1993).
The defendant argues the court with evidence that the value of the property between May 6, 1992 and August 5, 1994 was "severely diminished" due to the Watertown Planning and Zoning Commission's denial of zoning permits for the property. The town attorney appears to support the defendant's position in his letter dated May 16, 1991, when he wrote that "[t]he real property has little value without a valid and continuing subdivision approval." Since the court must consider the balance of the equities between the parties, the defendant has raised a material issue of fact which must be determined in order to CT Page 1130 ensure that complete justice is done. Accordingly, the motion for summary judgment is denied.