[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, James and Christine Rinere, filed a two-count complaint against M. Kalfus Building and Design Corporation (Kalfus), on June 17, 1996. The facts as alleged in the complaint are as follows. Kalfus secured a note for $20,000 to the Rineres by a mortgage deed dated July 5, 1995, on Lot No. 10, in a subdivision known as Antler's Ridge in Madison, Connecticut. On October 5, 1995, Kalfus secured another note for $45,000 by a mortgage deed for Lot No. 6 in the same subdivision. Under the terms of the notes, Kalfus was responsible for paying all real estate taxes. The Rineres notified Kalfus on April 3, 1996, that it had breached the agreements by not paying the real estate taxes on the properties. After Kalfus failed to cure the breach, the Rineres brought this foreclosure action.
The defendant filed an answer on Sept. 4, 1996, asserting four special defenses to each count. Kalfus asserts that the foreclosure action is barred 1) by a binding agreement to arbitrate; 2) because the agreement was predicated on the anticipated sale of Lot No. 10, which has not occurred; 3) because the Rineres did not give the proper notice required by CT Page 448-O the mortgage; and 4) by the doctrine of unclean hands and unjust enrichment.
The plaintiffs responded, on September 6, 1996, with a motion to strike special defenses 1, 2, and 4 and a supporting memorandum of law. The defendant submitted a memorandum in opposition at the oral argument on November 18, 1996.
A motion to strike is appropriate to challenge the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978); Practice Book § 152(2). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). When ruling on a motion to strike a special defense, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). "[I]f facts provable under the allegations would support a defense or cause of action, the . . . [motion to strike] must fail." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal CT Page 448-P conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan andKing, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993).
The first special defense claims that this action is barred by an arbitration agreement. There was some confusion at oral argument as to which documents contained such a clause. The note secured by Lot No. 10 contains the following sentence: "All or any portion of the unpaid principal balance and any and all accrued and unpaid interest, if any, which may be due by Maker to Holder shall be determined by arbitration pursuant to Article XVIII of said Contract." (See Exhibit E of the Complaint.) The note secured by Lot No. 6 does not contain this sentence, but does make a reference to "said arbitration process."
"Arbitration is a creature of contract. . . . It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law. . . . But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed so to do. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so." (Citations omitted; internal quotation marks omitted.) A.Dubrueil Sons, Inc. v. Libson, 215 Conn. 604, 608, 577 A.2d 709
(1990).
"The intent of the parties that arbitration be the exclusive CT Page 448-Q method for the settlement of disputes arising under the contract must be clearly manifested. This express intent by both parties to enter into the arbitration agreement is essential to its existence. . . . An agreement to arbitrate must be clear and direct and not depend on implication." (Citations omitted; internal quotation marks omitted; emphasis in original.) Jacob v.Seaboard, Inc., 28 Conn. App. 270, 273, 610 A.2d 189 (1992). "Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause." Multi-Service Contractors, Inc. v. Vernon,181 Conn. 445, 447, 435 A.2d 983 (1980). "The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court." Id.
In the present case, the arbitration clause in the note narrows the question that will be submitted to arbitration to the determination of the unpaid principal balance and accrued interest. It does not bind the parties to arbitrate all disputes arising under the contract, nor does it expressly state that arbitration must occur before either party can bring an action in court. Consequently, there is nothing in the notes that prevents the Rineres from exercising their rights under the notes by bringing this action without submitting the dispute to CT Page 448-R arbitration.
The court grants the plaintiffs' motion to strike the first special defense.
In the defendant's second special defense, it alleges that the notes are part of a larger transaction that began with a sales agreement for Lot No. 10. At oral argument, the parties agreed to the following facts concerning this larger transaction. After the Rineres decided not to complete the purchase, the sales agreement was rescinded by mutual agreement. Kalfus was unable to return their deposit and gave them instead the note and mortgage on Lot No. 10 as security until the lot could be sold to a third party. Sometime later, at Kalfus's request, the Rineres agreed to subordinate this mortgage and in return, Kalfus gave them the note and mortgage on Lot No. 6. Kalfus argues that the understanding was always that the Rineres would not be paid on either note until Lot 10 was sold. As a result, Kalfus claims that they are equitably estopped from accelerating the debts.
The Rineres acknowledge that there was a sales agreement between them and Kalfus to purchase Lot No. 10, but they argue that this agreement has nothing to do with the enforcement of the notes and mortgage deeds executed on either lot. The notes have clear language that if the mortgagor breaches any of his CT Page 448-S obligations under the notes, the mortgagees have the right to foreclose. In addition, they argue that this defense is not a proper equitable defense to foreclosure.
The traditional defenses that are available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. See Petterson v. Weinstock, 106 Conn. 436,441, 138 A.2d 433 (1927). "It is well established that a foreclosure action constitutes an equitable proceeding." HarbourLanding Development Corporation v. Herman, 27 Conn. App. 98, 101,603 A.2d 779 (1992). "In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted.) CiticorpMortgage, Inc. v. Burgos, 227 Conn. 116, 120, 629 A.2d 410
(1993). "Some courts . . . have exercised their equitable powers and recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as valid defenses to a foreclosure action." Townof Watertown v. McDonald, Superior Court, judicial district of Waterbury, Docket No. 124834 (Jan. 16, 1996, McDonald, J.). See, generally, Lawall Realty Ltd. v. Auwood, Superior Court, judicial district of New London, Docket No. 527050 (March 1, 1994, Leuba, CT Page 448-T J.) and cases cited therein.
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) BerkeleyFederal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (Jan. 23, 1996, West, J.). See also Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). Further, based on the same rationale, the defenses and counterclaims cannot attack "some act or procedure of the lienholder." Id. "Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.).
Equitable estoppel has been recognized as a defense in a CT Page 448-U foreclosure action. See Tradesman's National Bank of New Haven v.Minor, 122 Conn. 419, 422-25, 190 A.2d 270 (1937). "Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party. . . . For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." (Citations omitted; internal quotation marks omitted.) Rosenfield v. Metals Selling Corp., 229 Conn. 771,793-94, 643 A.2d 1253 (1994)
"Moreover, equitable estoppel defenses are limited to those which attack the making, validity or enforcement of the lien."Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (Jan. 25, 1996, West, J.). For example, in Fleet Bank, N.A. v. Polites,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387118 (April 1, 1992, Aronson, J.), there were allegations of inducements to enter into the note by promises not to foreclose if payment problems arose. No such allegations are made in Kalfus's defense. The notes were executed at the request and for the sole benefit of Kalfus.
Kalfus alleges only that the Rineres agreed not to foreclose CT Page 448-V prior to the sale of Lot No. 10, and that therefore they are not entitled to. The Rineres agreed to each of the defendant's requests to accept a note rather than the return of their deposit, and Kalfus, in fact, benefitted [benefited] greatly from the Rinere's actions without fulfilling its own obligation to pay the taxes on the property. The facts alleged in the special defense do not demonstrate any detriment suffered by Kalfus nor does it demonstrate that it changed its position in reliance on the plaintiff's statements. In addition, the factual allegations do not attack the making, validity or enforcement of the lien.Citibank v. Twerdahl, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145533 (March 18, 1996, Hickey, J.); New South Federal Savings Bank v. Gabriel, Superior Court, judicial district of Waterbury, Docket No. 121453 (March 23, 1995, McDonald, J.); Pennie Edmonds v. Hill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321668 (Sep. 11, 1995, Tobin, J.).
The defendant has not made sufficient factual allegations to support a defense of equitable estoppel and that the motion to strike the second defense is granted.
The fourth special defense invokes the doctrine of unclean hands. Kalfus argues that the Rineres' actions in demanding payment and bringing this action after having agreed to wait CT Page 448-W shows bad faith, and would unjustly enrich them by granting them greater rights than they bargained for. The special defense merely states that the "action is barred by the doctrine of unclean hands," which is a legal conclusion, with no facts to support it. For that reason alone, it would be legally insufficient. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
At oral argument, the defendant asked the court to consider the same factual allegations made in the second special defense in support of this special defense. Even considering these factual allegations, this defense is legally insufficient. "The defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state." Mechanics and Farmers SavingsBank, FSB v. Delco Development Co., Inc., 43 Conn. Sup. 408, 420,656 A.2d 1075 (1993). Some courts have allowed it, but only when the allegations relate to the making, enforcement or validity of the note. Boretz v. Segar, 124 Conn. 320, 323, 199 A. 438 (1938);Berkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (Jan. 23, 1996, West, J.).
In Citizens Mortgage Corp. v. Perez, Superior Court, judicial CT Page 448-X district of Danbury, Docket No. 319220 (Nov. 2, 1995, Stodolink, J.) the defendant raised unclean hands as a special defense based on the plaintiff's failure to abide by a loan workout agreement. The court struck the defense because it was based on the plaintiff's conduct after the execution of the note and mortgage, not the validity or making of the note itself. The present case is very similar. The parties allegedly had an agreement about how the note and mortgage would be paid, which the defendant alleges the plaintiffs have violated by bringing this action. "[T]o successfully assert the doctrine of unclean hands as an affirmative defense to foreclosure, the mortgagor must allege inequitable conduct occurred during the actual transaction, meaning prior to the default by the mortgagor. Events occurring post-default and during the course of litigation cannot form the basis of an affirmative defense to foreclosure because they do not render the note itself invalid or unenforceable." The NorwichSavings Society v. Hunter, Superior court, judicial district of New London at Norwich, Docket No. 108808 (April 2, 1996, Walsh, J.).
Because Kalfus's factual allegations do not pertain to the making or validity of the note, but to the actions of the Rineres after his own default, the motion to strike the fourth special defense is granted.
The plaintiff's motion to strike special defenses 1, 2 and 4 CT Page 448-Y is granted.
Donald W. Celotto Judge Trial Referee